## THOMAS H. FORDE v. AIMEE B. FORDE

10 So. (2nd) 919                                    June Term, 1942
December 22, 1942                                      Division B

*Ward & Ward,* for appellant.

J. H. Mercer, for appellee.

TERRELL, J.:

Aimee B. Forde filed her bill in equity praying that she be divorced from Thomas H. Forde, that she have an accounting as to certain properties purchased during coverture and deeded to them jointly, that said properties be decreed to be hers in fee simple freed from any claim on the part of the defendant and that she be awarded the custody of her minor child. The defendant filed his answer and cross bill in which he denied the material allegations of the bill of complaint praying that he be divorced from complainant, that a reasonable division of the properties be made, and his portion be allotted to him. Plaintiff answered the cross bill denying the material allegations thereof, and prayed for affirmative relief. On the issues made, the chancellor dismissed the cross bill, found the equities to be with complainant, and granted the relief she prayed for. This appeal is from the final decree.

We are confronted with two questions; viz: (1) Does the record warrant the final decree of divorce? (2) Was the property award made by the chancellor fair and equitable?

Appellant contends that these questions compel a negative answer. As to the divorce, he says that the bill of complaint is predicated on specific acts of cruelty, that the issues were made on these charges, but that the special master permitted evidence on other and different acts of cruelty that had no connection with the ones relied on. He asserts that the acts of cruelty relied on were condoned.

To constitute a successful defense against a bill for divorce, condonation must be free and voluntary, must be predicated on the condition that the offense forgiven will not be repeated and that the offender will thereafter treat the forgiving spouse with kindness. The evidence here falls far below this standard. In fact, there is no showing whatever

of any cessation of cruel conduct on the part of defendant to the complainant.

In answer to the charge that the bill of complaint relies on specific acts of cruelty and that evidence as to others not mentioned, was admitted it is sufficient to say that while some specific acts are recited, the bill as a whole relies on a general course of conduct in which defendant was guilty of cruel and inhuman treatment and we have held that such a bill meets the requirement of the statute. Diem v. Diem, 141 Fla. 260, 193 So. 65. The evidence on this point amply supports the allegations of the bill of complaint.

In answer to the question of whether or not the property award by the chancellor was fair and equitable, a resume of the salient facts will be helpful.

The record discloses that appellant was well educated and was licensed to practice dentistry in California in 1924. He practiced his profession in that state until 1932 when he set out to explore the country. He arrived in Evansville, Indiana, with an automobile that was not paid for, some portable dental equipment, and a dearth of cash. He formed a working connection with a Dr. Watt A. Biggs and while practicing in this connection, he was introduced to appellee who was then Mrs. Aimee B. Craft and who was possessed of one son and a modest inheritance ($257,687.46) bequeathed to her by her former husband. He left a wife and he avows a lucrative practice in California (twenty to thirty thousand dollars annually).

Both parties had recently checked into their forties. Cupid drew his bow and sprang a romance between them at first sight. Appellant appears to have easily convinced appellee that he was the Aladdin she needed to rub her magic lantern and give all her clouds a silver lining. He fortified his accomplishment by promptly undertaking to Reno-vate the wifely impediment he left in California. Appellee was a lady of good character, with limited education and little or no business experience. Her power to rationalize was normal under normal conditions but when Romeo got to acting his balcony entreaty, that faculty seems to have frozen. She was so naive that she did not bother to ascertain whether he

was in fact a California dentist, a refugee from the hoosegow, or a suitor to the manor born. The art of living is the finest of all fine arts but it will often degenerate into a dirty business if one's consort is not selected with discrimination. If appellee had exercised as much discretion in this as she would have in going to the kennel to select a bull pup, she might have saved herself lots of grief and a sizable block of her legacy. Appellant certainly hung out red lanterns enough to warn her.

A tip to Juliets with a patrimony—beware of Romeos prowling over the country who have had their wits whetted by frequent contacts with the world and have a cultivated lingo that runs as smooth as castor oil down a baby's throat. They may or may not have attained psychic maturity, that delectable period in a man's life when he thrills over a five course dinner and his flank begins to play leap frog over his belt. If he is weary of making his living the hard way, he will convince you that his ingenuity can outmode the injunction of Moses, "in the sweat of thy face shalt thou eat bread." Genesis 3:19. Better ascertain before the spell overcomes you with a species of schizophrenia that it is not relief that constitutes his real interest. Better be sure that he wants you for what you are instead of what you have unless you want to take a chance on looking across the table at some species of the genus lounge lizzard, until your patrimony runs out and then take a hike to Reno.

Appellee did not have the advantage of this tip so she emigrated to Miami, Florida, with appellant where they were married in 1935. They purchased four adjoining lots in one of the best sections of Miami Beach on which they built a very swanky apartment house; they took expensive vacations, bought a yacht and an automobile, all of which were paid for by Mrs. Forde. With the exception of one brief separation, they lived together until 1940. The title to the property was taken in the joint name of both but appellant did not contribute anything to its purchase.

Appellant made three attempts to pass the Florida Dental Board but failed in each. He then began to drink to excess and became very abusive to his wife, so much so that her

health was impaired. Some testimony shows that she drank with him at times. She paid all the liquor bills which ran as high as one hundred forty dollars per month. Such were the circumstances that precipitated the suit for divorce.

Appellant contends that he should have been awarded a one half interest in the property being the four lots on which the apartment house was constructed. It is said to be worth approximately $275,000 less liens in the sum of $100,000. He bases his contention on the charge that he gave up a dental practice at which he could have made twenty to thirty thousand dollars per year to take control of and operate the joint property and that he gave his full time to the enterprise. We find nothing to support his alleged income but defendant's statement.

The chancellor found that there was no showing of a prenuptial contract to support this contention nor was any such agreement entered into after the marriage. It is shown that appellee did spend some time in the purchase and development of the property but the value of this is purely speculative. A great deal of the time it was run by the employees at appellee's expense. He borrowed money from appellee that he never repaid, lived from her income all the time they were married, had many expensive trips and vacations, drank to excess, all on her account.

The chancellor did not believe his fantastic claim as to potential income from dental practice and was not impressed with his contention that he had given his full time to the enterprise but felt rather that he had had a five year vacation de luxe at the expense of appellee's deceased husband's heirs, that this was full compensation and that it was time for him to return from refreshment to labor. We find no error.

Appellant relies on Strauss v. Strauss, 148 Fla. 23, 3 So. (2nd) 727, wherein we laid down the rule with reference to the distribution of estates by the entirety in the event of a divorce. We do not depart from the doctrine of that case but appellant here has made no such showing as we were there confronted with. We find no equity to support his claim.

The judgment appealed from is accordingly affirmed.

Affirmed.

BROWN, C. J., CHAPMAN, and THOMAS, JJ., concur.

BROWN, C. J., concurring:

I concur in the conclusions of fact and of law contained in the foregoing opinion, and in the judgment of affirmance— But I think a few words might be added with reference to the case of Strauss v. Strauss, cited in the opinion.

We held in that case that, as a general rule, divorce, destroys an estate by the entireties and converts the husband and wife into joint tenants or tenants in common, and that partition may be secured by either. We also hold that where the husband purchases property with his funds which is conveyed to the husband and wife jointly, an estate by the entireties is created, the *presumption* being that it was a gift to the wife which will be upheld unless overcome by conclusive evidence. But where, as here, the *wife* furnishes the consideration, and the husband only contributes his time and efforts in the acquisition and management of the property which is held in the joint names of the husband and wife, the presumption of a gift by the wife to the husband does not arise. On the other hand a resulting trust is created in favor of the wife, unless the husband is able to prove by clear and convincing evidence that the wife's action, in allowing the property to be placed in their names jointly, was intended to be such as to convey to the husband an interest in the property by way of a gift. This was the view stated by Special Master Wm. L. Gray, Jr., in his report, and which was affirmed by the chancellor below. And in this view I concur.