121 So.2d 811 (1960)
Louise Ryan JONES, Appellant,
v.
John Paul JONES, Appellee.
No. 59-536.
District Court of Appeal of Florida. Third District.
July 11, 1960.
Rehearing Denied July 20, 1960.
Thomas A. Horkan, Jr., and Edgar E. Cox, Jr., Miami, for appellant.
J.M. Flowers and Milton M. Ferrell, Miami, for appellee.
CARROLL, CHAS., Judge.
The appellee John Paul Jones sued the appellant Louise Ryan Jones for divorce, *812 charging her with desertion. She counterclaimed for a divorce on the ground of cruelty. In her counterclaim appellant alleged that she had purchased and paid for certain acreage, the title of which was taken by the parties as tenants by the entireties, and prayed that she be decreed the sole owner of the acreage.
The chancellor entered a decree granting the husband a divorce, holding that the property in question was held by the parties in an estate by the entireties and would be owned by them equally as tenants in common following the divorce decree; and the chancellor dismissed the appellant's counterclaim. On her appeal from the final decree appellant has stated two questions as follows:
"Whether or not the court erred in failing to declare a resulting trust in `the acreage', in favor of the wife."
"Whether or not the court erred in failing to require the husband to account to the wife for his share of monies which she advanced for the property."
The parties were married in 1951 and they separated in 1956. Prior to the marriage the wife owned, inter alia, a home and business premises, a bar. The husband was a railroad engineer. He worked for the railroad part time, for which he received approximately $1,700 per year during the period of the marriage. The parties proceeded to operate the bar business together. They opened a bank account for that business, on which they were entitled to draw jointly. They also opened a joint bank account in their personal names.
In 1952, the parties purchased the acreage in question for $13,750. The husband made the initial down payment of $100. They then borrowed $15,000 from the Bank of South Miami on a note executed by both parties, and which was secured by a mortgage on the separate real estate of the wife. The proceeds of that loan were deposited in their joint bank account. The balance due for the acreage was paid out of the joint bank account, and the mortgage loan from the bank was later discharged by payments made by the wife out of that joint bank account.
The source of the monies in the joint bank account which were used to repay the mortgage loan is not shown with any certainty in the record. It appears that the husband did not pay his earnings from the railroad into the bank account, but that he did put in $600 which was intended to be used for an automobile. He drew no wages or salary from the bar business for his part in its operation. The disposition of the proceeds from that business was not disclosed. The chancellor was free to infer that money from the bar business or the bank account relating to that business found its way into the other joint bank account which was in their individual names.
In support of her contention that she was entitled to full ownership of the acreage because of having paid for it, appellant relied on the rule announced in the cases of Booth v. Lenox, 45 Fla. 191, 34 So. 566; Foster v. Thornton, 131 Fla. 277, 179 So. 882; Forde v. Forde, 152 Fla. 142, 10 So.2d 919 (separate opinion, Brown, C.J.); and Pyle v. Pyle, Fla. 1951, 53 So.2d 312, to the effect that where the wife supplies consideration from her separate estate for property the title of which is taken in the name of the husband, it is presumed that the property is hers and is held by the husband in a resulting trust.
In this case the wife failed to make a sufficient showing to support her claim of a resulting trust, because the evidence did not establish that she paid for the acreage. On the contrary, it was disclosed by the evidence that the acreage was paid for out of the proceeds of the loan obtained by the parties. The fact that appellant's property was mortgaged to secure that bank loan is not material, because the loan was paid off and thus her mortgaged *813 property was not required to be applied in discharge of the loan. Moreover, the repayment of the bank loan was not shown to have been made by the wife individually, but from the joint bank account of the parties; and the wife did not by pleadings and proof challenge and destroy the joint character of the bank account. The facts of the case, as referred to hereinabove, also require our adverse ruling on the contention made by appellant under her second question. Therefore, the chancellor's ruling as to the rights of the parties in and to the said acreage was not in error, and the decree is affirmed.
Affirmed.
HORTON, C.J., and PEARSON, J., concur.