195 So.2d 864 (1967)
Virginia A. OLSEN, Appellant,
v.
Sydney OLSEN, Appellee.
No. 66-398.
District Court of Appeal of Florida. Third District.
March 7, 1967.
I.R. Mayers, Miami, for appellant.
Joseph S. Marcus, Homestead, for appellee.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
This appeal involves the correctness of a chancellor's ruling upon dissolving a marriage in refusing to restore, as the sole property of the wife, 400 shares of stock in Norfolk & Western Railway [Certificates Nos. NC 89977 N.C. 89978, NC 89979 N.C. 89980]. It is undisputed that prior to the marriage of the parties this stock was given to the appellant by her father. That, subsequent to the marriage and after the birth of the children of the parties, the appellant caused the stock to be issued to her and her husband as joint tenants with right of survivorship and not as tenants in common. The wife testified that the reason for this transfer was that "in the event of my death, Mr. Olsen could use the stock certificates to pay off my estate or, you know, bury me and so forth, and for the benefit of the children." There was no consideration for the transfer to the joint names by the husband, and the husband offered no evidence in regard to the transaction.
As a general proposition, a transfer from a husband to a wife is presumed to be a gift. See: Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727; Anderson v. Anderson, Fla.App. 1963, 153 So.2d 24; Witlin v. Witlin, Fla.App. 1963, 153 So.2d 70; 17 Fla.Jur., Husband and Wife, § 43. The converse of this, however, is not true. A transfer from a wife to a husband of her separate property is not presumed to be a gift, and the burden is on the husband to establish the fact that the receipt of any of his wife's separate property is in fact a gift. See: Forde v. Forde, 152 Fla. 142, 10 So.2d 919; Jones v. Jones, Fla.App. 1960, 121 So.2d 811; Allen v. Allen, Fla.App. 1960, 123 So.2d 355.
The husband made no attempt to sustain the burden of establishing that the transfer of a one-half interest in the stock was a gift and, therefore, the chancellor was in error in failing to restore the 400 shares of stock to the wife upon a dissolution of the marriage.
*865 The matter is returned to the chancellor with directions to modify his final decree by establishing the wife to be the sole owner of the 400 shares of stock in Norfolk & Western Railway [Certificate Nos. NC 89977 N.C. 89978, NC 89979 N.C. 89980], and direct the appellee-husband to do those things necessary to effectuate a transfer of the stock to her.
Reversed and remanded with directions.