203 So.2d 674 (1967)
James B. MAYS, Appellant,
v.
Eleanore Ball MAYS, Appellee.
No. 67-49.
District Court of Appeal of Florida. Third District.
November 14, 1967.
Rehearing Denied November 29, 1967.
*675 John F. Harkness, No. Miami, for appellant.
Joseph A. McGowan, Miami, for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
The husband, defendant below, appeals from a final decree of divorce for the wife, plaintiff below.
The final decree found the husband "guilty of the allegations of the complaint as amended" and "that the defendant engaged in a course of conduct inimical to the wife's welfare and that he is guilty of the charges made by the pleadings." The husband claims that reversible error was committed in this finding.
The appellant husband has failed to provide us, in the record on appeal, with a copy of the complaint, as amended. We cannot find reversible error under the circumstances. See Gilson v. Murphy, Fearnley and Yawn, Inc., Fla.App. 1963, 151 So.2d 447.
The husband also claims error in the award by the final decree of the home of the parties on Miami Beach, Florida and two hundred shares of Florida Power and Light Company stock, each in both names, to the wife, under the theory of a resulting trust. The record shows that the wife alone contributed the money for the purchase of the house and stock, although it was registered in both their names.
In Olsen v. Olsen, Fla.App. 1967, 195 So.2d 864, we said:
* * * * * *
"* * * A transfer from a wife to a husband of her separate property is not presumed to be a gift, and the burden is on the husband to establish the fact that the receipt of any of his wife's separate property is in fact a gift. See: Forde v. Forde, 152 Fla. 142, 10 So.2d 919; Jones v. Jones, Fla.App. 1960, 121 So.2d 811; Allen v. Allen, Fla.App. 1960, 123 So.2d 355."
* * * * * *
Here, the record shows no attempt was made by the husband to establish a gift from the wife to himself of this real and personal property and he has therefore failed to carry this burden.
The appellee wife has cross-assigned as error the denial of attorney fees to her by the final decree. The granting of suit money and attorney fees in a divorce action is within the sound judicial discretion of a chancellor. Ames v. Ames, Fla.App. 1963, 153 So.2d 737. Under the facts and circumstances in this case no abuse of discretion has clearly been shown.
The final decree is therefore
Affirmed.
CHARLES CARROLL, Chief Judge (dissenting in part).
I am impelled to dissent from the majority affirmance of that portion of the decree which awarded the jointly held properties to the wife. When the parties were married in 1948 the wife owned a residence having an estimated value of $12,500 and the husband owned a similar property having a net value of $900. Both properties were sold. The proceeds from sale of the husband's property were divided. The proceeds from the sale of the wife's residence property were invested by the parties in other property which was taken by them jointly. Over the intervening period of years they made many investments in stocks and real estate, consistently taking the properties in their joint names, with the result that at the time of the divorce they owned 200 shares of stock of Florida Power & Light Company, having a value of approximately $14,000, and a residence valued in excess of $40,000. In the circumstances presented, it is my view that the jointly *676 held properties should be held to be owned by the parties equally as tenants in common following the divorce, subject only to an equity in the wife for $12,500, the amount of her initial contribution.