248 So.2d 212 (1971)
Carlos G. HEGEL, Appellant,
v.
Ann P. HEGEL, Appellee.
No. 70-86.
District Court of Appeal of Florida, Third District.
May 18, 1971.
Rehearing Denied June 11, 1971.
*213 Wakefield & Underwood and Garth A. Webster, Miami, for appellant.
Barry L. Garber, Miami, for appellee.
Before CHARLES CARROLL and HENDRY, JJ., and MARTIN, HENRY F., Jr., Associate Judge.
MARTIN, Associate Judge.
Appellant husband appeals from a final judgment of divorce wherein the trial court found that he had no interest in certain property acquired and owned jointly by the parties during coverture.
The facts present the reverse of the usual situation. That is to say, the appellee wife is a person of substantial wealth while appellant has no independent means and earned a modest living as a draftsman prior to marriage. Appellant does contend that he is an architect, however, the evidence discloses that he has never received any academic degree in that field and holds no license as such.
The parties were married to each other on July 27, 1962, and thereafter acquired substantial property, both real and personal, in their joint names as tenants by the entireties. The trial court concluded as follows:
"15. That the court from the evidence and the testimony finds that the plaintiff, Ann P. Hegel, did not make a gift to the defendant, Carlos G. Hegel, of the property, real and personal, hereinabove referred to and that the said defendant failed by competent testimony and evidence to overcome the presumption existing in the plaintiff's favor that a gift had not been made. Therefore, this court hereby finds that as to the property, real and personal, referred to in the Final Judgment of Divorce, that *214 the defendant, Carlos G. Hegel, was a trustee of a constructive trust of said property for the plaintiff, Ann P. Hegel, beneficiary thereof. That the court observed the demeanor of the parties during their testimony and it appears unto the court that the defendant, by his facial expressions and other mannerisms contrived to present what he believed to be correct answers so as to bolster his position."
The trial court also required appellant to pay to appellee the sum of $70.00 per week as a contribution to the support of the two minor children of the parties. Appellant contends that the trial court erred in awarding all of his interest in the jointly owned property to appellee and in requiring that he pay child support under the circumstances.
The evidence discloses that appellee is the beneficiary of a trust estate which is administered in the state of Connecticut from which she receives approximately $100,000 annually. Appellant held no regular employment during the marriage and received only scattered commissions from his architectural-type work for a total of approximately $8,000 during the seven and one-half years of marriage. Such earnings, meager as they are, were placed in the joint account of the parties but there is no showing that any such funds ever were invested in any of the jointly owned property.
The trial court concluded that appellee furnished the entire consideration for the purchase of all of the jointly owned property and that appellant's record interest therein was held by him as trustee of a constructive trust for the benefit of appellee. This court is called upon to determine the correctness of that determination by the trial court.
As frequently happens, this case arrived in the trial court with the record or "paper" title to certain property being held jointly by the parties as tenants by the entireties. Ordinarily, the record title speaks for itself and upon divorce the parties become tenants in common.[1] However, either party may establish an interest in the record or "paper" ownership of the other party under certain well-defined circumstances.
Once a wife initially makes it appear that her separate funds supplied the entire consideration for the purchase of certain property, then, the husband's record or "paper" interest therein is in jeopardy. Under such circumstances there is no presumption of a gift to the husband of his record interest therein; on the contrary, the presumption arises that the husband is the trustee of a resulting trust with the wife as beneficiary thereof or that a special equity exists in her favor as set forth above. In order to preserve his record interest the husband has the burden of establishing that a gift was, in fact, intended[2] or of attempting to establish a "special equity" therein.
We shall now examine the facts of this particular case in light of the controlling principles of law as set forth above.
Following marriage the parties built a home the title to which was held by the entireties. This home cost $70,000 of which $40,000 was represented by a mortgage executed by both parties and the cash difference paid by appellee. This home was thereafter sold and there is no showing in the record that any proceeds from the sale amounted to anything more than the cash furnished by appellee. Thereafter, the parties built a second home which cost $100,000 and the title to which was held by the entireties. Appellee paid the entire purchase price in cash, however, a mortgage executed by the parties jointly in *215 the approximate amount of $40,000 was placed upon this home approximately one year after its completion. This property was being occupied by appellee and the minor children at the time of the trial in this cause. There is no showing in the record that the proceeds of such mortgage loan were used to acquire any other property and, in fact, were used only for the day-to-day living expenses of the parties.
The parties built an additional house for speculation purposes which cost approximately $35,000 all of which was paid by appellee in cash. This property was later sold at a loss. The parties also acquired an unimproved lot in Gables Estates at a cost of $25,000 all of which came from the separate funds of appellee. This property was still owned by the entireties at the time of the trial in this cause. In addition, two automobiles were purchased solely with the funds of appellee and the titles thereto stood in the name of appellant at the time of said trial.
On the basis of the foregoing, this court is unable to find that the trial court was in error in concluding as a matter of fact that appellee furnished the entire purchase price of all of the various assets referred to above. There is no sufficient predicate in the record from which the trial court could have traced the proceeds of any mortgage loan into the purchase of any particular property. Upon that finding, it then became necessary for the appellant to establish that a gift of his record interest therein was intended or, in the alternative, establish a "special equity" therein in order to preserve such record interest. The court below further concluded that there was no sufficient showing that a gift was intended and this court cannot substitute its judgment for that of the trial court on that subject. In addition, as pointed out in Forde v. Forde, 152 Fla. 142, 10 So.2d 919, the value of any personal services performed by appellant in and about the acquisition of such property and the care and management of appellee's separate estate is purely speculative and insufficient to establish a basis for any "special equity."
There is one area of this case that causes this court much concern. At the time of the trial the parties owned by the entireties approximately 30,283 shares of stock in the Fidelity National Bank of South Miami. The stock certificates evidencing such ownership were pledged to the Chemical Bank and Trust Company of New York City to secure a loan obtained in connection with their purchase. This stock was acquired at a price of $20.00 per share with the sum of $250,000 in cash being supplied by appellee from her individual funds and the balance of the purchase price being obtained from the said Chemical Bank and Trust Company of New York City upon the parties executing a promissory note jointly and pledging the stock certificates as security for the loan. The dividends from such stocks have been sufficient to pay the interest on said promissory note. In Jones v. Jones, Fla.App. 1960, 121 So.2d 811, 812, this court held under similar circumstances that a wife had failed to meet her initial burden of showing that the entire consideration for the purchase of certain property was supplied from her separate property and that she was not, therefore, entitled to the presumption that the entire property was held in a resulting trust for her benefit by the husband. As pointed out above, however, there is a presumption of a resulting trust in favor of the wife to the extent of the consideration furnished by her for the purchase of such property.[3]
The argument that the wife's separate property made the purchase possible misses the mark in this instance. The individual funds of the wife in the sum of $250,000 did represent the down payment on said stock, however, the value of the stock itself when pledged as collateral for the loan made that loan and the resulting proceeds *216 possible. In addition, since the title to the stock was taken in the joint names of the parties, the note required execution by both parties and personal liability thereon was incurred by appellant.
The ruling of the court below in finding a resulting trust in the said bank stock over and above the monetary contribution by appellee is in error. The obligation of the court is to secure a fair, reasonable, equitable and satisfactory disposition of such property within the framework of the established rules of law. Thus, the wife in this case is clearly entitled to the number of shares of such stock as her down payment of $250,000 would purchase at the price of $20.00 per share, to-wit: 12,500 shares. The remaining stock, of approximately 17,500 shares, is owned by the parties as tenants in common, subject, of course, to the outstanding indebtedness. This court is unable to find error in the award of child support by the trial court. Thus, this cause must be affirmed in part and reversed in part for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part.
NOTES
[1] § 689.15 Fla. Stat., F.S.A.
[2] O'Shea v. O'Shea, Fla.App. 1969, 221 So.2d 223, 227. Olsen v. Olsen, Fla.App. 1967, 195 So.2d 864.
[3] Foster v. Thornton, 131 Fla. 277, 179 So. 882.