PER CURIAM.
These are two appeals arising from the same action. The appellant is a former husband. The first appeal (No. 71-528) is a full appeal from a final judgment dissolving appellant’s marriage; the second appeal is an interlocutory appeal (No. 71-712) challenging the validity of an order entered after rendition of final judgment.
In the first appeal, the appellant urges reversal of one provision of the trial court’s final judgment. This provision concerns disposition of jointly held property. The provision declares the appellee-wife to be the sole owner of a condominium apartment. This apartment belonged to the wife before marriage but was transferred to their joint names following marriage. We hold that the finding of the trial judge was correct and no error has been demonstrated. See Gay v. Gay, Fla.App.1971, 254 So.2d 801; Hegel v. Hegel, Fla.App.1971, 248 So.2d 212.
In the second appeal, appellant urges that the trial court’s order was entered as a result of a motion addressed to the court after the time for filing a motion for rehearing had passed; it is argued that the trial court was without jurisdiction to enter this order. We hold that the court had jurisdiction to amend the final judgment because the motion was properly *533 considered as one calling- for relief pursuant to Rule 1.540, R.C.P., 31 F.S.A.
The final judgment and the order appealed are affirmed.