307 So.2d 894 (1975)
Mary F. RAZZANO, Appellant,
v.
Vincent Martin RAZZANO, Appellee.
No. U-109.
District Court of Appeal of Florida, First District.
January 14, 1975.
Rehearing Denied March 6, 1975.
*895 Albert Datz, of Datz, Jacobson & Dusek, Jacksonville, for appellant.
Stanley Ray Gill of Musleh & Gill, Ocala, for appellee.
McCORD, Judge.
This is an appeal from a final judgment of dissolution of marriage and an order modifying the final judgment.
The parties were married for 34 years prior to filing the petition for dissolution. At the time of the marriage, appellant was 21 years of age and appellee was 29. Each had only nominal assets; she was a high school graduate and he was employed by an oil company earning $75 per week. Three children were born of the marriage and all are now emancipated. During the course of the marriage, the parties prospered financially. They owned several businesses, some jointly and others the husband owned with other members of his family. The wife spent a great amount of time working in the operation of the businesses and in managing the home and looking after the children. They were both industrious and hard working. In this action the wife sought a special equity in property held in the husband's name, permanent alimony, use of the jointly owned home of the parties and attorneys fees. Final judgment denied her prayer for special equity in the property of the husband located in the State of New York and in all other assets in the husband's name with the exception that she was held to be entitled to a special equity in one-half of the stock of the parties in the Bank of Belleview, Florida. Prior to the final judgment, sixty-two shares of the stock were in the wife's name and 1,865 shares were in the name of the husband. The trial court awarded her 901 additional shares, which gave her a total of 963 shares and left him with a total of 964 shares. The court further awarded the wife $750 per month permanent alimony and ordered the husband to transfer his interest in a 1969 Chevrolet to her. In addition, the court awarded costs and attorneys' fees to the wife's attorneys. She was not granted use of the jointly owned home. Subsequently, on motion for rehearing, the trial court modified final judgment by reducing the alimony to $600 per month and limiting it to a period of one year as rehabilitative alimony because of ill health of the husband.
We have considered the record, briefs, oral arguments of the attorneys and approve the modification to require only rehabilitative alimony in the amount of $600 per month. We find, however, that the trial court abused its discretion in not finding that the wife was entitled to a special equity of one-half interest in a service station (title to which is in the husband's *896 name) located in the State of New York and leased to Mobil Oil Company. This action was filed May 30, 1972. The husband's financial statement of September 24, 1971, shows a net worth of $426,480.75, which included property jointly owned with his wife. The husband there listed the value of the New York service station to be $140,000. The wife is entitled to a one-half share of this asset of the marriage. Carlton v. Carlton, 78 Fla. 252, 83 So. 87; Windham v. Windham, 144 Fla. 563, 198 So. 202; Engebretsen v. Engebretsen, 151 Fla. 372, 11 So.2d 322. We note, however, that this New York service station is income property, the gross rental being approximately $437 per month. Until the temporary alimony payments terminate, the wife should not share in such income.
Reversed and remanded with directions to modify the final judgment in accordance herewith and to assess attorneys fees against appellee for appellant's attorney for this appeal.
RAWLS, C.J., and BOYER, J., concur.