335 So.2d 5 (1976)
Madge P. BALL, Petitioner,
v.
Dexter C. BALL, Respondent.
No. 46598.
Supreme Court of Florida,
June 30, 1976.
*6 Ernest S. Marshall, Bradenton, for petitioner.
ENGLAND, Justice.
We granted certiorari in this case, pursuant to Article V, Section 3(b)(3) of the Florida Constitution, to resolve an apparent conflict between the decision of the Second District Court of Appeal, now reported at 303 So.2d 32, and Hegel v. Hegel, 248 So.2d 212 (Fla.App.3d 1971). The sole issue before us concerns the presumption of gift or special equity which can arise in a marriage dissolution when real property is held as tenants by the entireties. Respondent has not appeared or filed a brief in this Court.
In 1969, Mrs. Ball's mother died leaving to her, among other valuable property, a one-half interest in a home in Manatee County, Florida. She liquidated the balance of her inheritance and used the proceeds both to purchase from her brother the other one-half interest in the home and to remodel it substantially. Mrs. Ball then transferred this real property to herself and her husband as tenants by the entireties.
In a marriage dissolution proceeding, Mrs. Ball asserted a special equity in the home by reason of her use of inherited funds to purchase and remodel the home. The trial court ruled that her conveyance of the home to her husband and herself as tenants by the entireties created a presumption that she intended a gift to her husband. The court further held that the gift presumption was not overcome by a mere showing that the wife supplied all of the funds for the property. The district court affirmed, reasoning that the 1968 constitutional abolition of property right distinctions between husbands and wives[1] now *7 requires the same gift presumption when a wife creates a tenancy by the entireties with her property[2] as had existed before 1968 when a husband created a tenancy by the entireties using his separate property.[3] The district court's decision directly conflicts with Hegel, where the Third District Court of Appeal held that a wife is entitled to a special equity, unless her husband can affirmatively show that a gift was intended, once she has demonstrated that her separate funds supplied the consideration for a purchase of real property.
We begin our resolution of these conflicting decisions with the premise that, in the absence of any showing by either spouse in the marriage dissolution proceeding as to why one should be awarded more than an equal proportion of real property held as tenants by the entireties, record title speaks for itself. The division of property in these cases, which will encompass the majority of situations, will be equal between the spouses. If property is to be divided equally, whether the division is to be effected before, after or concurrent with the dissolution decree, no judicial action is required because the law will convert that entireties tenancy to a tenancy in common as soon as the marriage is dissolved.[4] We recognize, of course, that the court may direct the execution of deeds to clarify legal title.
The premise that record title bespeaks an equal division is, of course, only the starting point for a property division. Either spouse has the right to attempt to establish a "special equity" in the realty by reason of his or her extraordinary contribution toward its acquisition, either financially or through personal industry and service to the other party.[5] The other party, of course, can negate the attempted showing or affirmatively attempt to show that a gift was intended.[6] We are not now called upon to determine the range of circumstances which might create a special equity. Consistent with prior decisional law, however, we hold that a special equity is created by an unrebutted showing, as was developed here, that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship.[7] In these cases the property should be awarded to that spouse, as if the tenancy were created solely for survivorship purposes during coverture, in the absence of contradictory evidence that a gift was intended.
*8 In using record title as the touchstone and requiring some evidentiary showing beyond that for an award other than an equal division, it becomes unnecessary to use judicially-created presumptions of any sort in these proceedings. All presumptions which the different status of the sexes required the courts to create prior to the constitutional change,[8] and all presumptions developed by the courts since that date[9] are now unnecessary.[10]
To avoid the litigation which would result from the retroactive application of this decision, we hold that it shall apply only to dissolution proceedings instituted after the date this opinion becomes final.
As an independent point for our review, Mrs. Ball suggests that the trial court's award of attorneys' fees for her was inadequate. This suggestion is without merit.
Certiorari is granted, the decision of the Second District Court of Appeal is quashed and the cause is remanded for further proceedings consistent with this opinion.[11]
OVERTON, C.J., and ROBERTS, BOYD, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] "There shall be no distinction between married women and married men in the holding, control, disposition, or encumbering of their property, both real and personal... ." Fla. Const. art. X, § 5.
[2] The district court acknowledged that a counter-presumption of resulting trust in favor of the wife had existed in Florida in these situations. See, e.g., Hegel v. Hegel, 248 So.2d 212 (Fla.App.3d 1971); Mays v. Mays, 203 So.2d 674 (Fla.App.3d 1967); Jones v. Jones, 121 So.2d 811 (Fla.App.3d 1960). Cf., Pyle v. Pyle, 53 So.2d 312 (Fla. 1951), in which the doctrine of resulting trust was applied where a wife put realty in her husband's sole name. The resulting trust presumption has also been applied as to personal property purchased with a wife's separate funds and put in joint name. E.g., Mays v. Mays, supra; Olsen v. Olsen, 195 So.2d 864 (Fla.App.3d 1967); Allen v. Allen, 123 So.2d 355 (Fla.App.2d 1960).
[3] See, e.g., Forde v. Forde, 152 Fla. 142, 10 So.2d 919 (1942); Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727 (1941).
[4] Section 689.15, Fla. Stat. (1973).
[5] See Razzano v. Razzano, 307 So.2d 894 (Fla.App. 1st 1975) (real property in husband's sole name); Green v. Green, 228 So.2d 112 (Fla.App.3d 1969), cert. denied 237 So.2d 538 (Fla. 1970) (property in husband's sole name and jointly held property); Tanner v. Tanner, 194 So.2d 702 (Fla.App. 2d), cert. denied, 201 So.2d 560 (Fla. 1967) and Roberts v. Roberts, 101 So.2d 884 (Fla. App.2d 1958) (as to personal property).
[6] Cf., O'Shea v. O'Shea, 221 So.2d 223 (Fla. App. 4th), cert. denied, 225 So.2d 919 (Fla. 1969) (gift up to a one-half interest in personal property).
[7] Ordinarily a special equity will not arise where property held as tenants by the entireties is acquired with the funds generated by one working spouse, while the other spouse performs normal household and child-rearing responsibilities.
[8] See Hegel v. Hegel, supra; Mays v. Mays, supra; and Jones v. Jones, supra.
[9] See, Maryea v. Maryea, 320 So.2d 882 (Fla. App.2d 1975); Tonn v. Tonn, 314 So.2d 157 (Fla.App. 4th), cert. dism'd 324 So.2d 93, filed Nov. 25, 1975 (Fla.); Tiffany v. Tiffany, 305 So.2d 798 (Fla.App. 4th 1975); Hanzelik v. Hanzelik, 294 So.2d 116 (Fla. App. 4th 1974); Davis v. Davis, 282 So.2d 655 (Fla.App. 4th 1973); Calligarich v. Calligarich, 256 So.2d 60 (Fla.App. 4th 1971); Steinhauer v. Steinhauer, 252 So.2d 825 (Fla.App. 4th 1971).
[10] We simply hold that it does not advance the resolution of property distributions to label the fact or lack-of-fact showings as presumptions.
[11] We expressly confine our decision in this case to real property held as tenants by the entireties, the fact situation before us. The customary dictates of judicial restraint which would persuade us not to pass on unlitigated issues, such as the joint tenancies of spouses in personal property, are more compelling than usual by reason of respondent's failure to argue his side of the case.