TROWBRIDGE, C. PFEIFFER, Associate Judge
(dissenting in part).
I would affirm the judgment below in its entirety.
All of the claims of the wife were disputed and the trial judge’s decision was primarily a factual one. He reserved jurisdiction on all matters except the dissolution and his order recognizes that the wife’s condition may require a change in residency and in alimony.
The wife wants us only to look to the last transaction instead of to the entire financial history of their dealings with each other. Judge Beranek’s opinion makes it clear that the wife received and divested herself of property over the years without ever having any real interest therein. To apply a rule of law to only one transaction overlooks the factual basis that led to that transaction.
Ball v. Ball, 335 So.2d 5 (Sup.Ct.1976) provides that a special equity is created by an unrebutted showing that all of the consideration for property held as tenants by the entirety was supplied by one spouse from a source clearly unconnected with the marital relationship and such property should be awarded to that spouse in the absence of contradictory evidence that a gift was intended. The old presumption of gift rules just don’t apply to this case. The judge below found that the wife did not contribute to the husband’s accumulation of wealth.
Accordingly, I would affirm the entire judgment.