357 So.2d 792 (1978)
Lucille Harrell Rupert MERRILL, Appellant,
v.
Lloyd R. MERRILL, Appellee.
No. HH-332.
District Court of Appeal of Florida, First District.
April 28, 1978.
*793 Ronald A. Nour, Daytona Beach, for appellant.
Arthur H. Gehris, III, of Elliott, Tindell & Gehris, Daytona Beach, for appellee.
SMITH, Judge.
The wife appeals from a marriage dissolution judgment which found that the husband has a special equity in certain real and personal property which was wholly acquired and paid for by the husband long before the seven-month marriage, and which during the marriage he transferred into the joint names of his wife and himself. The wife testified that the transfers during coverture were intended by the husband as a gift to the wife; but he testified, apparently with telling effect on the chancellor, that no gift was intended and that the transfers were made solely for survivorship purposes during coverture. We cannot read Ball v. Ball, 335 So.2d 5, 7 (Fla. 1976), as holding that a word or two of testimony by the recipient spouse, to the effect that the other intended a gift, obliterates the special equity resulting from an unrebutted showing that the grantor spouse acquired the property from sources entirely independent of the marriage. Such a reading of Ball would manipulate its doctrines mechanically if not magically. The question of donative intent is one of a preponderance of the credible evidence; and that question is for the chancellor, not for us.
We recognize the seeming inequity of restoring the husband's separate property to him and not somehow recompensing the wife for her loss, upon entering the marriage, of a substantial pension which was paid to her as widow of her former husband. Yet that appealing factor cannot be given effect to destroy the husband's special equity in previously acquired property. Even though the wife's sacrifice of her pension was a contribution to the marriage, it was not a contribution of material resources to the marriage, nor was it a contribution toward the husband's acquisition of the subject property. See Ball, 335 So.2d at 7, n. 7.
We recognize also that the Supreme Court in Ball limited its decision to questions of real property, 335 So.2d at 8, n. 11, and that we are here concerned with common stock as well as with land. We find no basis for treating personal property differently.
No other error appears. The judgment is
AFFIRMED.
McCORD, C.J., and MELVIN, J., concur.