358 So.2d 590 (1978)
John M. BICKERSTAFF, Appellant,
v.
Hope E. BICKERSTAFF, Appellee.
No. HH-319.
District Court of Appeal of Florida, First District.
May 11, 1978.
Rehearing Denied June 22, 1978.
*591 D. Chanslor Howell, of Howell & Deas, P.A., Jacksonville, for appellant.
Harold B. Haimowitz, P.A., Jacksonville, for appellee.
PER CURIAM.
Husband appeals here the trial court's failure to grant him a special equity in a house owned by the parties as tenants by the entireties in a dissolution proceeding. We find merit in his argument and reverse. We are cognizant of the Florida Supreme Court's pronouncement in Ball v. Ball, 335 So.2d 5 (Fla. 1976), that generally "record title speaks for itself" in such situations and the property becomes a tenancy in common upon dissolution. However, we are also aware of other language in that opinion holding that a special equity is created in property "by an unrebutted showing . . that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship." The evidence showed clearly in this case that the husband furnished the entire down payment for the house in question from funds he had inherited separately from his mother. From there on the house was self-supporting as a rental property and wife made absolutely no financial contributions to it. Husband paid all of the mortgage payments, property taxes, insurance premiums and repair costs. He testified that he had played no part in the preparation of the deed which had titled the property in both parties' names and had not intended a gift of the property to the wife. Wife testified that it had always been her understanding that husband had intended a gift to her when he purchased the property. But as this court recently stated in Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978): "We cannot read Ball v. Ball ... as holding that a word or two of testimony by the recipient spouse, to the effect that the other intended a gift, obliterates the special equity resulting from an unrebutted showing that the grantor spouse acquired the property from sources entirely independent of the marriage." We do not read the court's statement in Merrill that the question of donative intent is for the chancellor as binding us to a trial court's ruling where as here there is no credible evidence of such an intent below. Husband was entitled to the special equity under the evidence presented here.
Wife's cross appeal disputing the adequacy of a $5,000 attorney's fee award which her attorney had already accepted is without merit.
The judgment appealed by the husband is reversed. The judgment cross appealed by the wife is affirmed.
Wife's motion for appellate attorney's fees is denied.
MILLS, Acting C.J., and MELVIN and ERVIN, JJ., concur.