389 So.2d 301 (1980)
Susan SUDHOLT, Appellant,
v.
Lester F. SUDHOLT, Appellee.
No. 79-843/T4-499.
District Court of Appeal of Florida, Fifth District.
October 15, 1980.
J. Russell Hornsby, Orlando, for appellant.
W.J. Heffernan, Jr., Altamonte Springs, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a final judgment for dissolution of marriage in which the court found that neither party had established a special equity in the marital home or boat and denied partition of the home.
Prior to their marriage in Missouri in 1974, the wife owned a home and the husband had purchased a sizeable amount of personal property. After liquidating their property and pooling their assets, the parties moved to Florida and used their funds to purchase property within the state. During their marriage, the husband used his fixed income which consisted of $720.00 per month in disability benefits, to support his wife and her children. No children were born of this marriage nor were any expected. Recently, the wife established a lucrative real estate business, income from *302 which was used to purchase the marital home and boat which were both jointly titled. The court recognized a special equity in wife to the extent that she was awarded the furniture, fixtures and appliances located in the marital home.
The wife contends that the trial court erred in not awarding her a special equity in the marital home and the 1973 Glastron boat.
We conclude that the trial court was correct and affirm the denial of the special equity.
The wife contends that in view of Ball v. Ball, 335 So.2d 5 (Fla. 1976), Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978), and Lindquist v. Lindquist, 351 So.2d 391 (Fla. 2d DCA 1977), the denial of the special equity "does not comport with Florida law nor with logic and reason." (Brief for Appellant at 7.) We believe that appellant seeks to extend Ball even further than the supreme court intended.[1] In Ball, the court stated:
[W]e hold that a special equity is created by an unrebutted showing, as was developed here, that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship.

(Emphasis added.) Id. at 7.
In the case before us, all of the consideration for acquisition of the home did not come from the wife's funds. The record reflects that the husband also liquidated his assets and while they were not as great as the wife's contribution, they were pooled with hers to acquire property in Florida. Then with the husband's support and encouragement, the wife obtained her real estate license. His funds paid for her schooling and initially helped her establish her real estate business. The test that "all of the consideration ... was supplied ... from a source clearly unconnected with the marital relationship" was not met. In fact, the evidence reflected that much of the consideration was derived from sources connected within the marital relationship.
The same analysis applies to the boat as there is no distinction between real and personal property. Lawless v. Lawless, 362 So.2d 302 (Fla. 2d DCA 1978); Merrill v. Merrill, 357 So.2d 792 (Fla. 2d DCA 1978).
The husband has also cross-appealed contending that it was error to refuse his prayer for partition of the marital home. We agree and reverse.
An estate by the entireties is not subject to partition during the marriage of the parties because both are deemed equally interested in the property and their interests are not severable. Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727 (1941). After the dissolution, the parties become tenants in common and the property is subject to partition. The supreme court stated in Condrey v. Condrey, 92 So.2d 423 (Fla. 1957), that the power of the trial court to deny partition should be invoked only in extreme cases, where otherwise manifest injustice, fraud or oppression would result if the remedy were granted.
There was nothing demonstrated to justify the trial court's denial of partition. The wife's earning ability exceeded the husband's. His right and interest in the home were equal to the wife's. To refuse to grant partition would require a showing of need on the part of the wife and an obligation of support by the husband. Neither was proved.
That portion of the judgment denying a special equity in the home and boat is AFFIRMED, the portion denying partition is REVERSED and REMANDED to the trial court for partition of the home.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Wright v. Wright, 388 So.2d 1319 (Fla. 5th DCA 1980).