FRANK D. UPCHURCH, Jr., Judge.
The wife appeals from a final judgment of dissolution. She questions the court’s award of a special equity to the husband in two parcels of real property. One of the parcels was acquired by the husband prior to the marriage and the other was acquired during the marriage with his separate funds. Both parcels were deeded to husband and wife during the marriage as tenants by the entirety.
The trial judge correctly applied the rule in Ball v. Ball, 335 So.2d 5 (Fla.1976), that upon the unrebutted showing by the husband that he acquired or purchased the properties from sources unconnected with the marriage, a presumption arose that he had a special equity in the properties and it was up to the wife to establish by contradictory evidence that a gift was intended. This she did not do. While the rule in Ball enjoys no great popularity with us, see Wright v. Wright, 388 So.2d 1319 (Fla. 5th DCA 1980), cert. granted Fla.Sup.Ct. No. 59,907, and Marsh v. Marsh, 399 So.2d 433 (Fla. 5th DCA 1981), cert. granted, Fla.Sup. Ct., No. 60,823, it is up to the supreme court to make any changes in it.
AFFIRMED.
SHARP, J., concurs.
COWART, J., concurs specially with opinion.