DAUKSCH, Judge.
This is an appeal from a judgment in a marriage dissolution case. The principal point on appeal involves a claimed special equity in real property.
It was clearly established by the evidence that the husband conveyed by deed *915 his interest in the subject real property in order for the wife to obtain a loan from a bank to pay various debts of the parties and make improvements on the property. The bank would not loan the money to the husband but only to the wife because of the husband’s poor credit rating. Only the wife was obligated on the mortgage note and this obligation was part of the consideration she paid for the husband’s interest in the property.
Husband claims the principles enunciated , in Ball v. Ball, 335 So.2d 5 (Fla.1976) apply here and since he got the property by inheritance he should be deemed the equitable owner of the property even though the legal title is in her name. He says she must prove a gift to her was intended since he in essence provided all the consideration (by inheritance) for the property when it was acquired. Good argument, but it misses the point. This was not a gift situation at all. It was a transfer for consideration. The conveyance was made to facilitate the obtaining of the mortgage loan. There was consideration for the transaction: the wife incurred a debt, the bank obtained an interest in the property, the husband was relieved of some debt and the property was improved.
This is not a Ball special equity situation, it is a business deal.
AFFIRMED.
COBB, C.J., and FRANK D. UP-CHURCH, J., concur.