## FLAKSA v FLAKSA

Case No. 88-170 FR-01

Nineteenth Judicial Circuit, St. Lucie County

August 9, 1988

### APPEARANCES OF COUNSEL

**Gregory Zogran** for husband.

**Evett Simmons** for wife.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### *FINAL JUDGMENT AND DISSOLUTION OF MARRIAGE*

The parties married in 1986 in Downer's Grove, Illinois and shortly thereafter moved to Florida. The parties purchased real property commonly known as 5504 Birch Avenue and one adjoining vacant parcel. The entire consideration for both of these parcels came from funds the Wife brought into the marriage. The parties separated shortly after moving into the Birch property.

The Wife brought into the marriage approximately Eighty-two Thousand Dollars ($82,000) which was placed into a Florida Gold Account. The Husband had approximately Sixteen Thousand Dollars

($16,000) representing the proceeds of sale of real property in Illinois. Throughout the course of their marriage the parties financial affairs became entangled. The evidence does, in the Court's view, support the conclusion that the Wife provided approximately two thirds (⅔) of the disposable income used to pay financial obligations incurred during the course of the marriage.

In addition, the Wife provided Ten Thousand Dollars ($10,000) to purchase stock in a closely held corporation; A-Quality Service of the Treasure Coast. The Wife also provided approximately Four Thousand Dollars ($4,000) to the Husband to assist starting up expenses of the above concern. As a result the Wife and Husband jointly own approximately 50% of the outstanding stock. The balance of the outstanding stock is held by the Husband's sister.

The Husband, shortly after the marriage, paid certain bills of the Wife and contributed to moving expenses when the couple moved to Florida. The Florida move, it should be noted, was not the Wife's choice. She had a business in Illinois and came to Florida to accommodate the Husband's desire to become involved in the above concern. The Husband purchased a Corvette automobile for approximately Eight Thousand Dollars ($8,000). The auto was purchased at the Wife's request and was to be gifted to the Wife. The Husband, however, retained title and the essential element of delivery did not take place, thus no completed gift took place. The Husband also purchased a boat for approximately Four Thousand Dollars ($4,000).

The funds used to accomplish the above purchase by the Husband were from a source unconnected with the marriage, i.e. the sale of real property noted previously. Those proceeds were, throughout the marriage, maintained in a separate account under the Husband's complete control. The Wife's assets, on the other hand, were consistently used to support the couple and to finance *all* the extensive improvements made to the marital residence.

As noted in *Ball v Ball*, 335 So.2d 6 (Fla. 1976) record title is only the starting point in property distribution. The record is clear beyond all doubt that the Wife provided all consideration for the purchase of and improvements to the marital home. As noted these funds came from a source clearly unconnected with the marriage. The Husband did share expenses but also lived in the home. Those contributions were not unconnected to the marriage. The Wife, is therefore awarded a special equity in the marital home. For the same reasons, the Wife is awarded a special equity in the adjacent unimproved real property.

Turning to the couple's interest in the business; once again it cannot

2

be denied that the Wife provided approximately Fourteen Thousand Dollars ($14,000) to purchase stock and to start up the business. The evidence, in a light favorable to the Husband, supports the conclusion that the Husband may have repaid Two Thousand Dollars ($2,000) to Wife's Florida Gold Account. Thus, at least Twelve Thousand Dollars ($12,000) was expended by the Wife in regard to the business and these funds were also from a source totally unconnected with the marriage. In the Court's view, a special equity in the jointly held stocks has been amply demonstrated.

Based on the foregoing, the Court finds:

(1) The Court has jurisdiction of the subject matter and the parties.

(2) The marriage is irretrievably broken.

(3) The Wife shall receive the marital residence and unimproved property. The Wife will be responsible for the mortgages and will hold the Husband harmless therefrom.

(4) The Wife has also established a special equity in the jointly held stock. In view of the nature of the business enterprise, the Court values this interest at Twelve Thousand Dollars ($12,000). The Husband may purchase the Wife's interest for that amount. Upon payment of that sum the Husband may retain the stock free from any interest the Wife presently holds. Payment may be made in a manner agreeable to the parties.

(5) The Corvette auto shall remain with the Husband along with the air compressor.

(6) Each side will bear its own fees and costs.

(7) In view of the length of the marriage, an award of alimony is not justified.

(8) The Court adopts the record stipulation of the parties with regard to the items of personal property.

(9) The Court retains jurisdiction to effectuate the terms and conditions of this judgment and all other appropriate further relief.

DONE and ORDERED in Chambers, Stuart, Martin County, Florida, this 9th day of August, 1988.