MINER, Judge.
In this appeal challenging certain property division portions of a final judgment of divorce, appellant, Barbara Milton (former wife), urges that the trial court erred in finding that she was not entitled to a special equity for certain funds contributed and expended and for imposing on her at final hearing the burden of overcoming the presumption that she intended a gift of certain proceeds from the sale of property. We agree with appellant and reverse.
The former wife and the former husband, Lester Milton, were twice married to each other. The first marriage occurred in 1965 and ended in divorce in August of 1972. In that dissolution, the former wife was awarded custody of the minor son of the parties and granted the exclusive use and occupancy of the jointly owned home on Gina Drive (the Gina Drive property). In the month following the dissolution, the former husband transferred all of his interest in the Gina Drive property to the former wife by warranty deed after which she made all mortgage, tax and insurance payments.
The parties remarried in February 1974. During this second marriage, a daughter was born. In November of 1983 the Mil-tons purchased unimproved real estate known as the Betz Landing property. Of the $22,000 purchase price, the former wife paid the binder ($500.00), the down payment ($7,062.50), and the closing costs ($306.50), from inherited funds. The parties signed a promissory note for $14,-437.50 to Mr. Milton's brother, Carl Milton, and executed a “first mortgage” in his favor. In June of 1984, the former wife sold the Gina Drive property and received proceeds of $24,466.72. A portion of these proceeds was used to finance construction on the Betz Landing property. The parties also financed a portion of such construction with a $10,000 loan secured by a second mortgage and by incurring expenses on a Visa charge card. After separating in September of 1985, the former wife made all mortgage, tax and insurance payments on the Betz Landing property and paid additional construction costs.
During the dissolution proceedings from which this appeal was taken, the wife claimed a special equity in the Betz Landing property for the amounts contributed from her inheritance, the Gina Drive property sale proceeds, and separate checking and Visa accounts. In its final judgment, the trial court found that the former wife was entitled to a special equity for funds contributed from her inheritance but not for funds expended from the sale of the Gina Drive property, because:
Wife intended to make a gift of the proceeds of the sale of the Gina Drive property to the husband by using the funds to construct a residence on the Betz Landing property, which was titled jointly as tenants by the entireties. The court finds that the wife presented no competent substantial material evidence to refute a gift of the proceeds of the sale of the Gina Drive property by its incorporation in the Betz Landing property-
The court also denied the former wife’s request for a special equity for funds expended on mortgage payments, taxes, insurance, and construction labor and materi *479 als, because it found that the former husband had made payments during the separation which amounted to “substantial contributions” toward these costs.
In Ball v. Ball, 335 So.2d 5 (Fla.1976), the Florida Supreme Court outlined the method of establishing a special equity. It stated that record title showing equal division is only the starting point for property division and either spouse may establish a special equity in the realty by showing his or her extraordinary contribution toward acquisition of the property. The other party may then negate the attempted showing or affirmatively show that a gift was intended. However, the court held that when all of the consideration for property was contributed by one spouse from funds unconnected with the marital relationship, a special equity is created. While recognizing record title as the point of departure in property division, the court also eliminated the judicially created presumption that one spouse intended to make a gift of the extraordinary contribution. 335 So.2d at 8.
In Landay v. Landay, 429 So.2d 1197 (Fla.1983), the court clarified the method of calculating a special equity. It stated there that because record title is the starting point, each spouse already has a 50% interest in the realty. The spouse seeking a special equity then carves his or her vested interest out of the other’s interest. Therefore, in addition to the spouse’s one-half share, the contributing spouse acquires a special equity equal to one-half of the ratio which that spouse’s contribution bears to the entire consideration.
In the ease at hand, the former wife claimed and the trial court granted a special equity for the inherited funds she contributed toward purchase of the Betz Landing property. However, she also claimed but was denied a special equity for the funds she received from the sale of the Gina Drive property and thereafter contributed to purchase the Betz Landing property. With respect to her claim of a special equity for the amounts contributed from the sale of the Gina Drive property to purchase the Betz Landing property, the record shows the following: (1) the former husband transferred all of his interest in the Gina Drive property to the wife; (2) the former wife made all of the payments on the property after the conveyance; (3) the former wife received all the proceeds from the sale of that property; and (4) the former wife contributed part of those proceeds to the Betz Landing property. While the court did not expressly find that the former wife made an extraordinary contribution of funds from a source clearly unconnected with the marital relationship, it implied such a finding when it recognized that after the first divorce, the former husband conveyed to the former wife all of his right, title, and interest in the Gina Drive property, and that after the conveyance, the former wife made all the mortgage, tax, and insurance payments on the property until it was sold. Ball and Landay explicitly provide that an unrebutted showing that the wife contributed funds from a source unconnected with the marital relationship places the burden upon the husband to affirmatively show a gift was intended. Ball 335 So.2d at 7; Landay 429 So.2d at 1199. According to Ball and Lan-day, then, the only remaining method by which the former husband could negate a special equity was to affirmatively show that the former wife intended to make a gift of the Gina Drive property sale proceeds. (Emphasis supplied.) Here, the former husband failed to make such a showing. Therefore, we find that the court erred when it found that the former wife intended to make a gift of the Gina Drive property because there was no evidence or testimony of such an intention.
The trial court also denied the former wife a special equity for the funds she contributed toward the mortgage, tax, insurance, and construction costs during the parties 34-month separation prior to divorce. It denied the claim because it found that the former husband made “substantial contributions” toward those expenses. While the former husband was uncertain how much he paid the former wife toward these expenses, he recalled that he gave her between $50 and $100 each week. Nonetheless, the court found that the pay *480 ments were “a minimum of $100 per week” between September 1985 and April 1987, and thus constituted “substantial contributions to said expenses.” Considering that the record shows the former wife paid the mortgages ($19,523.82), taxes and insurance ($1700.83), and construction costs ($2,595.94), while supporting at least one minor child, the court's finding that the husband made “substantial contributions” toward the property is not supported by competent, substantial evidence.
Since we find that the trial court incorrectly applied the law when it denied the former wife a special equity in the Gina Drive proceeds, and further that its findings are not supported by competent, substantial evidence, we REVERSE and REMAND for proceedings consistent with this opinion.
REVERSED and REMANDED.
CAWTHON, VICTOR M., J. (retired), concurs.
ZEHMER, J., dissents with opinion.