ZEHMER, Judge
(dissenting).
I dissent to the reversal of the trial court’s order denying the former wife a special equity in the Gina Drive property.
Appellant and appellee were first married in 1965 and divorced in August 1972. The final judgment of dissolution in 1972 did not award the jointly-owned marital home on Gina Drive to either party, but did provide for exclusive use and occupancy by the wife and the child of the marriage. In September 1972, the former husband transferred his interest in the Gina Drive property to the former wife by a warranty deed. The husband testified that this conveyance was made to assure that, in the event he was killed in an accident that was his fault (he was a truck driver), the former wife and son would not lose the home. The wife agreed that the husband transferred the home to her for survivorship purposes. After this conveyance, the wife made all mortgage, tax, and insurance payments on the property. In February 1974, some 18 months later, the husband and wife remarried. Upon sale of the Gina Drive property in 1984, the wife applied the proceeds to the construction of the marital home on the Betz Landing property that was jointly owned by the parties. After they separated in 1985, the wife made all payments on the marital home on the Betz Landing property.
The trial court made the following findings of fact on this issue:
The Wife claims a special equity for the funds received by the Wife from the sale proceeds for the sale of the previous marital home of the parties located at 10725 Gina Drive, Jacksonville, Duval County, Florida, 32209 in an amount of $24,466.42. The Court finds that shortly after the first dissolution of marriage, the Husband conveyed all of his right, title and interest in and to said property to the Wife. The Husband claimed that he made said conveyance for survivor-ship purposes and to avoid any future creditor of the Husband. The Wife after said conveyance made all the mortgage, taxes and insurance payments on the Gina Drive property until it was sold. At the time of taking title to the property at Betz Landing, the parties were remarried and took title to the property located on Betz Landing in their joint names, as tenants by the entireties with rights of survivorship. Thereafter, the Wife took the majority of the proceeds of the sale of the Gina Drive property to construct a residence located on the property. The Husband testified and the Court finds from all the evidence presented, that the Wife intended to make a gift of the proceeds of the sale of the Gina Drive property to the Husband by using the funds to construct a residence on the Betz Landing property, which was titled jointly as tenants by the entireties. The Court finds that the Wife presented no competent substantial material evidence to refute a gift of the proceeds of the sale of the Gina Drive property by its incorporation in the Betz Landing property-
The circumstances in this case are manifestly unique in that the Gina Drive property was the parties’ marital home and was *481 transferred to the former wife after dissolution of the first marriage solely for sur-vivorship purposes and insulating it from the former husband’s potential creditors. The parties remarried within 18 months, and thereafter jointly acquired the Betz Landing property upon which they began to construct a new marital home. The proceeds of the sale of the Gina Drive property were placed in the new home being constructed on the Betz Landing property. The trial court’s finding as a matter of fact under these circumstances that the former wife intended a gift of such proceeds to the husband that precluded the former wife’s claim to a special equity in the Gina Drive proceeds is clearly supported by the record before us. There is undisputed evidence in the record establishing the basic facts recited in the trial court’s order and in this dissenting opinion, and I cannot see how the trial court erred by inferring a gift under the circumstances.
In Ball v. Ball, 335 So.2d 5 (Fla.1976), the supreme court made it clear that the beginning point for addressing property division is record title. The court stated:
We begin our resolution of these conflicting decisions with the premise that, in the absence of any showing by either spouse in the marriage dissolution proceeding as to why one should be awarded more than an equal proportion of real property held as tenants by the entire-ties, record title speaks for itself. The division of property in these cases, which will encompass the majority of situations, will be equal between the spouses. If property is to be divided equally, whether the division is to be effected before, after or concurrent with the dissolution decree, no judicial action is required because the law will convert that entireties tenancy to a tenancy in common as soon as the marriage is dissolved. We recognize, of course, that the court may direct the execution of deeds to clarify legal title.
The premise that record title bespeaks an equal division is, of course, only the starting point for a property division. Either spouse has the right to attempt to establish a “special equity” in the realty by reason of his or her extraordinary contribution toward its acquisition, either financially or through personal industry and service to the other party. The other party, of course, can negate the attempted showing or affirmatively attempt to show that a gift was intended. We are not now called upon to determine the range of circumstances which might create a special equity. Consistent with prior decisional law, however, we hold that a special equity is created by an unrebutted showing, as was developed here, that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship. In these cases the property should be awarded to that spouse, as if the tenancy were created solely for survivorship purposes during coverture, in the absence of contradictory evidence that a gift was intended.
In using record title as the touchstone and requiring some evidentiary showing beyond that for an award other than an equal division, it becomes unnecessary to use judicially-created presumptions of any sort in these proceedings. All presumptions which the different status of the sexes required the courts to create prior to the constitutional change, and all presumptions developed by the courts since that date are now unnecessary.
335 So.2d at 7-8 (footnotes omitted).
The trial court decision is completely in accord with the dictates of the Ball decision. Obviously, the trial court did not find that the proceeds from the Gina Drive property were “supplied by one spouse from a source clearly unconnected with the marital relationship” (335 So.2d at 7), and reasonably concluded that on the record before it the wife was required to show but had not presented sufficient evidence to establish that the funds from this property either were not marital property to begin with or to refute the notion that the sale proceeds were intended to be shared marital property in the nature of a gift by the wife back to the husband who had given it to her.
*482 The majority opinion, however, concludes that the trial court failed to follow the law announced in Ball and Landay v. Landay, 429 So.2d 1197 (Fla.1983), stating that “an unrebutted showing that the wife contributed funds from a source unconnected with the marital relationship places the burden on upon [sic] the husband to affirmatively show a gift was intended” and the former husband failed to “affirmatively show that the former wife intended to make a gift of the Gina Drive property sale proceeds” because “there was no evidence or testimony of such an intention.” I believe it is the majority, not the trial court, that have misapplied the holdings of those decisions. Neither Ball nor Landay involved property that was formerly marital property given to the wife after a dissolution of the marriage solely to provide for survivorship rights. In neither case did the parties remarry shortly thereafter and eventually use the proceeds of the sale from their first marital home to construct a jointly-owned second marital home. The error in the majority opinion lies in its having necessarily assumed, as a matter of law, that the Gina Drive property proceeds derived from a source unrelated to the marital relationship notwithstanding the presence of evidence to the contrary in the record. The majority opinion has thus usurped the fact-finding authority normally reposed in the trial court. On this record, the trial court was entitled to conclude that the proceeds from the Gina Drive property was not “a source unconnected with the marital relationship” within the meaning of Ball such as to place the burden on the husband to make some additional showing that a gift was intended. The fact of the parties’ pri- or marriage and the fact that their former marital home was deeded to the wife solely for the purposes of insulating it from the husband’s potential creditors and providing for survivorship constitute affirmative evidence supporting the trial court’s inference that the wife’s contribution of the sale proceeds to their jointly-owned Betz Landing property was intended as a gift back to the husband to be treated as marital property. To say there was no evidence to support the trial court’s findings of an intention to treat these proceeds as marital property simply overlooks the testimony of the former husband and admissions by the former wife. The trial court’s ruling that the wife had no special equity in the sale proceeds from the Gina Drive property is supported by competent substantial evidence in the record, and that ruling is not inconsistent with either Ball or Landay.[1] It is the majority opinion that misapplies and therefore creates a patent conflict with those decisions.
I concur in reversing the denial of a special equity in the remaining respects discussed in the majority opinion for the reasons stated therein.

. The applicable standard of appellate review on this issue is whether the record contains competent, substantial evidence to support the trial court’s findings. Marcoux v. Marcoux, 464 So.2d 542 (Fla.1985).