MELVIN, Judge.
Appellant/husband seeks to overturn the final judgment of dissolution of marriage as *285 to the provisions that: (1) Awarded to ap-pellee/wife, as a special equity, the full and complete ownership of the marital premises, together with all of the furniture, fixtures and furnishings therein; (2) awarded to the wife the sum of $50 per week, as and for permanent alimony; and (3) required the appellant to pay wife’s attorney a fee in the sum of $1,000.
Prior to the marriage of the parties, the wife owned a residential house. She sold the house after the marriage, and from the sale proceeds paid $3,000 toward the down payment on the marital home, title to which was received and held by them in their joint names as an estate by the entirety. That the wife made such $3,000 payment is not disputed.
The husband asserts that he paid from an inheritance received by him from his mother’s estate the sum of $4,700 toward the improvement and furnishings of the new marital home. This contention is in sharp dispute. The wife testified that she knew nothing as to what her husband had done with his inheritance but that no part of it went into the purchase, improvements or furnishings of the marital home. The trial court apparently accepted as true the testimony of the wife, rejecting that of the husband. That concludes the question of any special contribution by him.
If the wife had furnished all of the purchase money for the marital home, then the ruling of the trial court would have harmonized with Ball v. Ball, 335 So.2d 5 (Fla. 1976); and Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978), Opinion filed April 28, 1978, not yet reported.
Based upon the logic expressed in Ball and Merrill, we conclude that the record sustains the finding of the trial judge with reference to a special equity on the part of the wife but only to the extent of $3,000. The remainder was paid by the joint efforts of the parties.
The record reflects testimony that Lillian A. Sanders is in need of permanent alimony because of the condition of her health. There is ample evidence that Robert Ennis Sanders is able to pay the sum of $50 per week as permanent alimony. The record also reflects that Robert Ennis Sanders has the financial ability to pay the attorney fees and costs as awarded. Lillian A. Sanders is without such ability.
The trial court erred in directing the husband to convey his interest in the marital home to the wife. The judgment appealed from is reversed and remanded with directions that paragraph two of the final judgment directing the husband to convey all of his right, title and interest into the marital home and personal property located therein be stricken. Under applicable law the parties are vested with title to said property as tenants in common. The trial court is directed to enter its judgment finding a special equity in favor of the wife in the sum of $3,000.
Affirmed in part and reversed in part for further proceedings consistent with the views expressed herein.
SMITH, Acting C. J., and ERVIN, J., concur.