MELVIN, Judge.
Appellant/husband seeks review of a final judgment of dissolution of marriage which awarded to the appellee/wife as a special equity the full and complete ownership of the marital premises. Husband urges that the court erred by failing to recognize his special equity in the marital home.
The marital home of the parties was originally titled in the wife’s name and had been acquired by her prior to the marriage. In connection with obtaining a $6,000 mortgage-loan, the wife transferred title to the marital home to the parties as a tenancy by the entireties. The trial court, in awarding the marital home to the wife, found that no gift was intended by this transfer. This finding by the trial court will not be disturbed. However, the record reveals that during the marriage, the husband utilized monies he received from the sale of the property which he had acquired prior to the marriage to make substantial improvements to the marital home. It is undisputed that the husband contributed $5,117.83 for these improvements.
Based on the record, we conclude the trial court did err by not recognizing the husband’s proven special equity in the marital home to the extent of $5,117.83. Sanders v. Sanders, 362 So.2d 284 (Fla. 1st DCA 1978), Opinion filed June 6, 1978. Further, the final judgment fails to provide that the $6,000 mortgage on the marital home, now titled solely in the wife’s name, should be the wife’s sole obligation.
Accordingly, the cause is reversed and remanded with directions to the trial court to award a special equity in the marital home to the husband in the amount of $5,117.83 but with such provisions as the trial court deems proper in reference to the exclusive and uninterrupted possession of the marital home by the wife and children during their minority or so long as the same is utilized as the place of residence for the children.
SMITH, Acting C. J., and BOOTH, J., concur.