ROSETTA M. McPHERSON *vs.* ROY A. McPHERSON
(and a companion case[1]).

Barnstable.    April 10, 1958. — June 2, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Trust,* Resulting trust.  *Gift.  Husband and Wife,* Gift.

A conclusion that upon a conveyance of a house and lot to husband and wife as tenants by the entirety she actually took no beneficial interest in the property and after a subsequent divorce held an undivided half interest in common on a resulting trust for him was not justified on evidence of the circumstances of the purchase not only not rebutting the presumption of a gift of a beneficial interest to her but on the contrary showing an intent on his part that she should take such an interest, and also showing that only a comparatively small part of the purchase price was furnished by him from his own funds and the balance was obtained by a mortgage loan on which she as well as he was obligated.

PETITIONS, filed in the Probate Court for the county of Barnstable on June 11, 1956, and February 12, 1957, respectively.

The cases were heard by *Davis,* J.

*Joseph F. McEvoy, Jr.,* for Rosetta M. McPherson.

*Frederick J. Smith,* for Roy A. McPherson, submitted a brief.

SPALDING, J.  Rosetta M. McPherson brought this petition for the partition and sale of a parcel of real estate in the town of Bourne, which she alleges is owned by her and her former husband, Roy A. McPherson, as tenants in common.  Roy A. McPherson brought a petition in equity against Rosetta alleging that the property in question was

[1] The companion case is Roy A. McPherson *vs.* Rosetta M. McPherson.

purchased entirely with his funds, and, although put in the names of himself and his former wife as tenants by the entirety, was not intended as a gift; the petition seeks to establish a resulting trust in favor of Roy and asks for an accounting. The two petitions were heard together.

The judge made findings of material facts which include the following: Rosetta M. McPherson and Roy A. McPherson (hereinafter referred to as Rosetta and Roy) were married sometime prior to 1952 (the exact time does not appear). On October 4, 1952, the property here involved (consisting of a house and lot in Bourne) was conveyed to Rosetta and Roy, as tenants by the entirety, by a deed which was duly recorded. Negotiations for the conveyance were conducted by Roy. The purchase price was $7,000 and a payment of $1,000 was made by Roy "from his own funds." Six thousand dollars (the amount of the balance) was obtained by a first mortgage of the property to a bank and applied to the purchase price. The mortgage was of the type "known as a G. I. loan," Roy having been in the military service. "Title was taken in the name[s] of . . . [Rosetta and Roy] as tenants by the entirety, after conference with officials of . . . [the bank] in order to facilitate the granting of the loan." Following the purchase, Roy made some improvements which he paid for "from his own funds." Also from his own funds he made the payments of interest and principal required by the mortgage. At the time of the hearing the mortgage was not in default and had been reduced to $4,882.

The payment of $1,000 came from funds standing in the names of Rosetta and Roy. These funds consisted of United States government bonds which were purchased from savings from Roy's pay while he was in the military service. He placed the name of Rosetta on the bonds to facilitate their collection in the event of his death.

On a libel for divorce brought by Roy against Rosetta in the Probate Court for Barnstable County, a decree nisi was entered on January 26, 1954, which became absolute on July 27, 1954.

After finding the foregoing facts the judge ordered (1) a decree to be entered in the partition proceeding dismissing the petition, and (2) the entry of a decree on the petition in equity that Rosetta holds her one-half undivided interest in the property by way of resulting trust for Roy and that she be ordered to convey that interest to him forthwith, subject to the bank's mortgage. From decrees entered accordingly Rosetta appealed.

In *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, it was held that a decree of divorce converts a tenancy by the entirety into a tenancy in common, and one of the former spouses may maintain a petition for partition against the other. The pivotal question in the cases at bar is whether Rosetta acquired the rights of a tenant by the entirety at the time of the original conveyance. If she did there was no resulting trust in favor of Roy and the decrees below cannot stand. We are of opinion that the decrees were erroneous.

Of course, it is settled law that where a person pays the purchase price of property and takes title in the name of another, without more, the beneficial interest in the property enures to the person who paid, or becomes liable to pay, the purchase price, by way of resulting trust. *Druker* v. *Druker*, 308 Mass. 229, 230. *Collins* v. *Curtin*, 325 Mass. 123, 125. *Charest* v. *St. Onge*, 332 Mass. 628, 630. We assume, despite the fact that the payment of $1,000 was the proceeds of bonds standing in the names of Rosetta and Roy, that the finding of the judge that Roy made this payment out of his own funds was justified. The only witness at the hearing was Roy and he testified that this payment was made from his "own funds." But this finding is not decisive of the cases. The resulting trust rule stated above is subject to the qualification that where the transferee is the wife of the person by whom the purchase price is paid there is a presumption that a gift is intended. *Frank* v. *Frank*, 335 Mass. 130, 134–135, and cases cited. But this presumption is rebuttable and the husband can establish a resulting trust by proving that it was not intended at the

time of the transfer that the wife should take a beneficial interest in the property by way of gift, settlement, or advancement. *Thompson* v. *Thompson*, 312 Mass. 245, 247. *Frank* v. *Frank, supra.*

Examining the evidence with these principles in mind, we are satisfied that there was no basis for a resulting trust in favor of Roy. Roy testified that he purchased the property as a home for himself and Rosetta; that he understood that he was taking title with Rosetta as tenants by the entirety so that if anything happened to him the property would be hers; that she signed both the mortgage and the mortgage note and he believed she would be responsible for the payments to the same extent as he would be. Plainly this evidence does not rebut the presumption of a gift. On the contrary it establishes that it was Roy's intent at the time of the conveyance that Rosetta should take a beneficial interest in the property as a tenant by the entirety. Another factor militating against a resulting trust is the evidence that Rosetta obligated herself to repay the mortgage loan used for the purchase price to the same extent as Roy. It therefore cannot be said that he furnished the entire purchase price. See *Carroll* v. *Markey*, 321 Mass. 87, 89; *Charest* v. *St. Onge*, 332 Mass. 628, 631.

The only evidence possibly more favorable to Roy than the above is that at one point he testified that, as a result of a conversation with bank officials when negotiating for a mortgage, the property was taken in both names. The judge seems to have concluded from this that the only basis for acquiring the property in both names was "to facilitate the granting of the loan." Perhaps the obtaining of the loan was one of the factors that led to the creation of the tenancy by the entirety, but it was by no means the only one, as Roy's testimony reveals.

We are of opinion that the conclusion of the judge that Rosetta held no beneficial interest in the property was not justified on the evidence and cannot stand. It follows that the decree dismissing the petition for partition must be reversed and a new decree is to be entered ordering partition

and sale as prayed for. The decree on the equity petition to establish a resulting trust is reversed and a new decree is to be entered dismissing the petition. Rosetta is to have costs of this appeal.

*So ordered.*