HAROLD S. GOLDMAN *vs.* LEONA M. FINKEL.

Middlesex.   November 9, 1960. — December 2, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Gift. Husband and Wife,* Gift. *Trust,* Resulting trust.

Where it appeared that purchased real estate was conveyed to husband and wife as tenants by the entirety "for the sole purpose of providing" that in the event of his death the real estate would "become . . . [her] property" by survivorship, so that the presumption of a gift by him to her of a beneficial interest was not rebutted, and it further appeared that at the time of the purchase she, as well as he, signed notes secured by mortgages, a conclusion that he was intended to take and did take the entire beneficial interest and she held her interest on a resulting

trust for him was erroneous, notwithstanding that the "purchase money" and subsequent carrying charges on the property were wholly paid from his funds.

BILL IN EQUITY, filed in the Superior Court on November 9, 1959.

The suit was heard by *Wisnioski, J.*

*John D. Malone, (Edward I. Robinson* with him,) for the defendant.

*Harry Reinherz, Morris Fulman, & Willy Nordwind, Jr.,* for the plaintiff, submitted a brief.

WILKINS, C.J.    The parties were formerly husband and wife.    This bill in equity is to establish that the plaintiff is the sole owner of a piece of real estate in Medford purchased on October 15, 1940, before they were divorced. The judge, under G. L. c. 214, § 23, made a report of the material facts found by him.    From a final decree declaring that the plaintiff is the sole owner, and enjoining the defendant from proceeding with a petition for partition in the Probate Court for Middlesex County, the defendant appealed.

The judge found that the purchase money was furnished by the plaintiff entirely from his own funds; that it was intended that the real estate should be the property of the plaintiff; and that title was taken in their joint names as tenants by the entirety "for the sole purpose of providing that in the event of death of the plaintiff the said real estate become the property of the defendant without the necessity of probating the estate of the plaintiff and for the purpose of avoiding delay and expense."

The judge made the further finding "That since the date of purchase the plaintiff has made all payments due in connection with said real estate including payment of first and second mortgage, principal and interest, taxes, insurance and water bills, repair bills and maintenance costs and charges out of his own funds."    This we interpret to mean that the defendant, as well as the plaintiff, signed two notes secured by mortgages at the time of the purchase.

The present case is indistinguishable in two respects

from *McPherson* v. *McPherson,* 337 Mass. 611. (1) The plaintiff intended a tenancy by the entirety so that the defendant would take the property by survivorship. The presumption of gift was, therefore, not rebutted. (2) For aught that appears, the defendant obligated herself to repay the mortgage loan to the same extent as the plaintiff. If she did, the plaintiff did not furnish the entire purchase price. See *McPherson* case at page 614. Payments subsequent to taking title cannot create a resulting trust unless they are the contemplated consideration for the conveyance. *Saulnier* v. *Saulnier,* 328 Mass. 238, 240. *Charest* v. *St. Onge,* 332 Mass. 628, 630–631. Restatement 2d: Trusts, § 457. Scott, Trusts (2d ed.) § 457.

The final decree must be reversed, and a new final decree is to be entered dismissing the bill with costs of appeal to the defendant.

*So ordered.*