MICHAEL R. LAEZZA *vs.* JOSEPHINE M. LAEZZA.

Suffolk. September 16, 1971. — January 4, 1972.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & HENNESSEY, JJ.

*Gift. Husband and Wife*, Gift. *Trust*, Resulting trust.

A husband was not entitled to the restoration of an undivided one-half
interest in real estate which he had previously transferred to his wife
where the presumption that such transfer was a gift to the wife had
not been overcome. |716–717|

The mere fact, that, after real estate had been conveyed to a man and a
woman as joint tenants, he with her signed a mortgage of the property
in order to obtain mortgage financing, did not create a resulting trust
in his favor in the property. |716–717|

PETITION IN EQUITY filed in the Probate Court for the
county of Suffolk on November 18, 1969.

The case was heard by *Wilson*, J.

*Ralph C. Copeland* for the petitioner.

*Frank S. Ganak* (*Robert S. Cohen* with him) for the
respondent.

TAURO, C.J. This is an appeal from a decree dismissing
a petition in equity seeking to compel the restoration to the
petitioner from his wife of an undivided half interest in
certain real estate. The pertinent facts as found by the
Probate Court judge are as follows. The petitioner and
the respondent, now separated, were married on March 31,
1961, after a courtship of approximately eight years. The
respondent wanted a house before marriage and conse-
quently one was purchased. Title to the property was
taken on September 27, 1960, in the names of the petitioner
and the respondent as joint tenants. On December 22,
1961, the petitioner transferred his interest to the respondent
because the respondent felt that the title should be in her
name alone since she had paid the entire purchase price.
Prior to the purchase, the respondent made all the necessary
arrangements for the purchase of the house, but due to her

inability to obtain a mortgage in her own name because she was single and with a limited income, the petitioner cosigned the mortgage. The respondent provided the down payment of $4,000. The petitioner contended that he had given the respondent money over a number of years with the understanding that the respondent would use it toward the purchase of the house. The probate judge found, however, that the money (approximately $20 a week) was given for other reasons. The respondent attended to the details of managing the property. There was no evidence of the amount, if any, paid by the petitioner toward the purchase price.

The probate judge, in dismissing the petition, found that there was "neither fraud nor undue influence, [that] [t]he act of the [p]etitioner in signing the deed was wholly voluntary" and that no trust had been created. There was no error.

When a husband transfers his interest in real estate to his wife there is a presumption that a gift was intended. *Sigel* v. *Sigel*, 238 Mass. 587, 588. *Frank* v. *Frank*, 335 Mass. 130, 135. This presumption may be rebutted and a resulting trust can be established only on proof that "it was not intended at the time of the conveyance that the wife should take a beneficial interest in the property by way of gift, settlement or advancement." *Pollock* v. *Pollock*, 223 Mass. 382, 384. *Moat* v. *Moat*, 301 Mass. 469, 471. *Frank* v. *Frank*, 335 Mass. 130. The presumption of a gift was not overcome. The finding by the probate judge was that since the respondent felt that "the property was hers, her children should have the security of a home," and for this reason, the petitioner transferred his interest to his wife. The petitioner cosigned the mortgage to enable the respondent to obtain mortgage financing and thereby obligated himself to repay the mortgage loan to the same extent as the respondent. The obligation thus undertaken, without more, was insufficient in this case to create a trust in the property. See *McPherson* v. *McPherson*, 337 Mass. 611, 614; *Goldman* v. *Finkel*, 341 Mass. 492, 494.

*Decree affirmed.*