368 So.2d 1308 (1978)
A.W. PARRAMORE, Jr., Appellant,
v.
Lillian M. PARRAMORE, Appellee.
No. JJ-462.
District Court of Appeal of Florida, First District.
December 12, 1978.
*1309 Steven H. Gray of Green, Simmons, Green & Hightower, Ocala, for appellant.
Kevin K. Broderick of Wendel, Broderick & Chritton, Lakeland, for appellee.
PER CURIAM.
By this appeal from a final judgment in an action for dissolution of marriage the husband seeks reversal of that provision by which the trial court held the wife to be a tenant in common as to certain real property which had been gratuitously deeded to the husband by his father prior to the marriage but which had thereafter been deeded by the husband to himself and his wife (appellee) as tenants by the entireties.
In 1953 appellant's father suffered a heart attack. In 1955 he deeded to appellant the real property which is herein involved "to keep it out of probate". Appellant's father died in 1957. The validity of the transaction between appellant and his father is not an issue here. Appellant married appellee on January 26, 1958. On August 27, 1959 appellant executed a deed conveying the subject property to himself and his wife (appellee) as tenants by the entireties. The parties lived on the land during two three-month intervals and thereafter on weekends. The wife aided in repairing a log cabin located on the property and she helped her husband seed the land. They also hunted there together. (We do not, however, consider the short periods of residence, repairing of the cabin, seeding the land nor hunting thereon as material to our disposition of the issue here presented.)
In the dissolution proceeding the wife claimed an undivided one-half interest in the land. The husband, on the other hand, claiming a "special equity" asserted entitlement to the entire property. Appellant-husband testified that he had deeded the property to himself and his wife as tenants by the entireties "to keep it out of probate" and that he had not intended an outright gift. The wife was equivocal in her testimony but testified that she thought that he had put it in her name "for love". There was no evidence by either party as to any demonstration of intent by statement or otherwise at the time of the execution and delivery of the deed. The trial judge held in the final judgment here appealed that the property was held as a tenancy by the entireties and that upon dissolution it was owned by the parties as tenants in common.
Both parties cite Ball v. Ball, 335 So.2d 5 (Fla. 1976). In that case our Supreme Court said:
"We begin our resolution of these conflicting decisions with the premise that, in the absence of any showing by either spouse in the marriage dissolution proceeding as to why one should be awarded more than an equal proportion of real property held as tenants by the entireties, record title speaks for itself. The division of property in these cases, which will encompass the majority of situations, will be equal between the spouses. If property is to be divided equally, whether the division is to be effected before, after or concurrent with the dissolution decree, no judicial action is required because the law will convert that entireties tenancy to a tenancy in common as soon as the marriage is dissolved. * * *" (335 So.2d at page 7)
Sub judice the subject property was, as above recited, held as tenants by the entireties. However, the author of Ball v. Ball went on to say:
"The premise that record title bespeaks an equal division is, of course, only the starting point for a property division. *1310 Either spouse has the right to attempt to establish a `special equity' in the realty by reason of his or her extraordinary contribution toward its acquisition, either financially or through personal industry and service to the other party. The other party, of course, can negate the attempted showing or affirmatively attempt to show that a gift was intended. * * * [W]e hold that a special equity is created by an unrebutted showing * * * that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship. In these cases the property should be awarded to that spouse, as if the tenancy were created solely for survivorship purposes during coverture, in the absence of contradictory evidence that a gift was intended." (335 So.2d at page 7)
It will be noted that the Supreme Court, in the opinion from whence the above quotation was taken, refers to "consideration for property". Sub judice there was no consideration paid by appellant for the subject property as it was conveyed to him gratuitously by his father. Whether or not that fact, plus the fact that the subject property was acquired by appellant prior to the marriage whereas the property involved in the Ball case was acquired after the marriage, constitutes a valid distinction we need not now decide because we conclude the principle of that case to be inapplicable here.
The deed by which the subject property was conveyed to the parties hereto as tenants by the entireties was, as already recited, executed on August 27, 1959. That date was approximately nine years prior to the change in the Constitution upon which our Sister Court of the Second District bottomed its opinion when the Ball case appeared there (Ball v. Ball, 303 So.2d 32 (Fla.2nd DCA 1974)) and eighteen years prior to that decision being rendered in the Supreme Court of Florida. At the time that deed was executed, delivered and recorded the law of Florida was to the effect that by so doing appellant was presumed to have intended a gift of an entireties' interest to his wife. All citizens are presumed to know the law. The evidence in the trial court was not such as to have required the trial judge to find that no such gift was intended.
Further, we note that although the Supreme Court, in the Ball case, provided that the principle there announced would "apply only to dissolution proceedings[1] instituted after the date" of that opinion the court clearly intended that the principle not have retroactive application.
Weighing of the evidence and determining the credibility of witnesses is uniquely within the province of the trier of fact. We find no error nor abuse of discretion.
AFFIRMED.
BOYER, Acting C.J., and BOOTH, J., concur.
MILLS, J., specially concurs.
MILLS, Judge, specially concurs.
I concur in the result.
NOTES
[1] Emphasis added.