377 So.2d 51 (1979)
Winifred K. HART, Appellant,
v.
John E. HART, Appellee.
No. 79-204.
District Court of Appeal of Florida, Second District.
November 28, 1979.
*52 Ronald A. Cyril of Nelson, Hesse, Cyril, Weber, Smith & Widman, Sarasota, for appellant.
John M. Hathaway of Hathaway & Polk, Punta Gorda, for appellee.
GRIMES, Chief Judge.
In this appeal and cross-appeal from a judgment of dissolution, the only point which merits discussion involves the award to the husband of a special equity of the wife's interest in the marital home.
The parties married in Massachusetts in 1961. Within a year the husband purchased a lot for $2,500 and shortly thereafter built a home on the lot. The money to buy the lot and build the home came from funds acquired by him prior to the marriage. Title to the property was, however, in both the husband and the wife, as tenants by the entirety.
In 1971 the husband retired from his insurance business, and the parties moved to Florida. The following year they sold the Massachusetts home for $140,000, receiving $60,000 in cash and the balance in the form of a promissory note payable jointly to the husband and wife. Of the cash received from the sale of this home, the parties applied $40,000 toward the purchase of a home in Florida. The balance of approximately $25,000 used to pay for the Florida home came from a savings account held in the husband's name. Title to the Florida home was also in the husband and wife, as tenants by the entirety.
In the case of Ball v. Ball, 335 So.2d 5 (Fla. 1976), the supreme court did away with the presumptions which formerly obtained where the money of one spouse is used to acquire property which is titled in both the husband and wife as tenants by the entirety. Thus under Ball, jointly owned real property is to be divided equally upon dissolution unless one spouse is able to establish a special equity because of an extraordinary contribution toward its acquisition either financially or through personal industry and service.
The application of the principles of Ball to the case at hand would suggest that the court properly awarded the husband a special equity in the Florida home since it was his money, derived from a source unconnected with the marriage, that went into the Massachusetts home, and most of the proceeds from the sale of the Massachusetts home can be traced into the Florida home. However, the Ball decision came too late to be of use to the husband in this case because the first Massachusetts transaction originated in 1962. In an analogous case, our sister court in Parramore v. Parramore, 368 So.2d 1308 (Fla. 1st DCA 1978), said:
The deed by which the subject property was conveyed to the parties hereto as tenants by the entireties was, as already recited, executed on August 27, 1959. That date was approximately nine years prior to the change in the Constitution upon which our Sister Court of the Second District bottomed its opinion when the Ball case appeared there (Ball v. Ball, 303 So.2d 32 (Fla. 2nd DCA 1974)) and eighteen years prior to that decision being rendered in the Supreme Court of Florida. At the time that deed was executed, delivered and recorded the law of Florida was to the effect that by so doing appellant was presumed to have intended a gift of an entireties' interest to his wife. All citizens are presumed to know the law.
368 So.2d at 1310.
Under pre-Ball law, at least prior to the adoption of our 1968 constitution, *53 when the husband acquired the lot, built a home thereon and placed title in the name of himself and his wife, as tenants by the entirety, he was presumed to have made a gift to his wife.[1]Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727 (1941); Schoenrock v. Schoenrock, 202 So.2d 571 (Fla. 2d DCA 1967). Here, this presumption was not rebutted by the husband's simple assertion that he put the lot in joint names upon the estate planning advice of his accountant, particularly where there was never any discussion between him and his wife with respect to title to the property. Powell v. Powell, 349 So.2d 841 (Fla. 2d DCA 1977). The fact that the promissory note received upon the sale of the Massachusetts home was jointly owned was further indication of the wife's interest. The monies from the husband's savings account which went into the purchase of the Florida home in 1972 cannot change the result because these would be properly characterized as "funds generated by one working spouse, while the other spouse performs normal household ... responsibilities," which Ball pointed out could not form the basis of a special equity.
Accordingly, the husband legally failed to prove a special equity in the Florida home, and so upon dissolution the parties became tenants in common. § 689.15, Fla. Stat. (1977). We affirm the judgment, except with respect to the award of the special equity to the husband of the wife's interest in the Florida home.
SCHEB and RYDER, JJ., concur.
NOTES
[1] We hasten to point out that even though the original home was acquired in Massachusetts rather than in Florida, the law of Massachusetts in 1962 was similar to that of Florida in that where the husband used his separate funds to purchase real property which he placed in the name of him and his wife as tenants by the entirety, there was a presumption that he was making a gift of an interest in the property to his wife. McPherson v. McPherson, 337 Mass. 611, 150 N.E.2d 727 (1958); Ross v. Ross, 2 Mass. App. 502, 314 N.E.2d 888 (1974).