388 So.2d 1319 (1980)
George C. WRIGHT, Appellant,
v.
Ruby M. WRIGHT, Appellee.
No. 79-217.
District Court of Appeal of Florida, Fifth District.
October 8, 1980.
*1320 Richard W. Hennings, Tavares, for appellant.
W.B. Hunter, Tavares, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from a final judgment of dissolution of marriage entered by the Circuit Court for Lake County which denied the husband a special equity in real and personal property held by the parties as tenants by the entirety and property in Indiana held by the wife individually.
Appellant, George C. Wright, and appellee, Ruby M. Wright, were married on December 20, 1969. During the marriage, appellant conveyed real property in Florida, a $1,000.00 savings account, two $10,000.00 certificates of deposit, and fifteen shares of bank stock to himself and his wife as tenants by the entirety. He also transferred to the wife, individually, real property he owned in Indiana.
Appellant raises as error the court's failure to award him a special equity in this property.
Mr. Wright contends that he is entitled to a special equity in Mrs. Wright's interest in all property which had been owned by him on the date of the marriage. There is no dispute that he had purchased or acquired all of this property during his first marriage and that appellee had made no contribution toward the acquisition or purchase of the property. Mr. Wright explains that he conveyed the property to avoid probate expenses if he should predecease Mrs. Wright. Appellee says that her interest was for the purpose of providing security.
These factual circumstances bring into play the application of Ball v. Ball, 335 So.2d 5 (Fla. 1976), which overturned the law established by Steinhauer v. Steinhauer, 252 So.2d 825 (Fla. 4th DCA 1971). Steinhauer, decided after the 1968 revision of the Florida Constitution, held that there was no longer any distinction between the property rights of men and women. A conveyance from a husband to a wife was *1321 presumed to be a gift as was a conveyance from a wife to a husband-an understandable result which comported with reason. The deed meant what it said unless the grantor could prove otherwise. The presumption could be overcome but it was the grantor's burden to prove that no gift was intended.
Ball v. Ball revised the rule and under the guise of doing away with all presumptions stated:
Either spouse has the right to attempt to establish a `special equity' in the realty by reason of his or her extraordinary contribution toward its acquisition, either financially or through personal industry and service to the other party. The other party, of course, can negate the attempted showing or affirmatively attempt to show that a gift was intended... . Consistent with prior decisional law, however, we hold that a special equity is created by an unrebutted showing, as was developed here, that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship. In these cases the property should be awarded to that spouse, as if the tenancy were created solely for survivorship purposes during coverture, in the absence of contradictory evidence that a gift was intended. (Emphasis supplied.)
Id. at 7. The effect of the decision, however, was to raise yet another presumption: a presumption that a special equity is created by an unrebutted showing that all consideration for property held as tenants by the entirety was supplied by one spouse from a source clearly unconnected with the marital relationship. Now the burden is on the grantee to establish, by "contradictory" evidence, that a gift was intended. In sum, the grantee must overcome the presumption of the special equity.
To make a valid gift, a donor or grantor must have an unqualified right to the property he transfers. This principle is self-evident. Before a gift can be made the donor must first own the subject of the gift. If we still recognize that parties to a marriage may acquire and own property individually from their own labors, there should be no more distinction or restriction in its transfer than for property acquired before the marriage. Ball places the burden on the recipient to prove that a gift was intended, a heavy burden in an instance where the marital discord does not develop until some years after the conveyance. It is unrealistic to expect a dutiful and happily married grantee-spouse to anticipate the possibility of later marital problems and to insist upon documentation that the conveyance was intended as a gift. It is also unlikely that any "documentation" of the grantor's intent will exist unless a knowledgeable attorney protects the spouse by inserting in the deed adequate language to evidence a donative purpose. What the attorney will anticipate will, to some extent at least, depend on the interest of the spouse he represents. The grantor, given the benefit of hindsight and a clear understanding of the import of the Ball decision, can hardly be expected to admit the conveyance was unqualified any more than a grantee can be expected to readily admit that a gift was not intended.
The Ball decision makes no distinction whatever between marriages of long or short duration. Its result depends on the source of the consideration. The harsh consequences of the application of the rule are obvious.
The Ball decision has troubled trial judges and the appellate courts have strained to sustain them. In Parramore v. Parramore, 368 So.2d 1308 (Fla. 1st DCA 1978), the First District Court of Appeal, while noting that Ball limited its retroactive effect to "dissolution proceedings" instituted prior to Ball, explained that the supreme court had clearly intended that Ball not have retroactive effect. The court then concluded that Ball was inapplicable because at the time the deed was executed, delivered and recorded, the law was to the effect that the husband was presumed to have intended a gift of an entireties interest to his wife. See also Hart v. Hart, 377 So.2d 51 (Fla. 2d DCA 1979).
*1322 However, in Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978), the Fourth District applied the Ball principle even though the tenancy by the entirety had been created in 1968. The opinion, however, did not discuss the issue addressed by the courts in Parramore and Hart. While the argument can be persuasively maintained that the supreme court intended to limit Ball only to litigation instituted subsequent to the effective date of the decision, we shall follow the interpretation expressed in Parramore that the Ball decision is not to have any retroactive application.
We respectfully suggest that the supreme court revisit Ball and reconsider its effect. We know of no decision in the domestic relations area more likely to encourage litigation.
In the case sub judice, all conveyances were prior to Ball v. Ball and the rule announced in Parramore applies. This decision conflicts with Laws v. Laws.
AFFIRMED.
ORFINGER, J., and MELVIN, WOODROW M., Associate Judge, concur.