ON MOTION FOR REHEARING
Appellant, Agnes Gates, contended, among other things in this appeal, that the trial court erred in this divorce action in awarding her ex-husband, Robert Gates, a special equity in the marital home. The home was purchased in 1972 by appellee and was thereafter titled in both parties’ names as tenants by the entireties. Divorce proceedings were instituted in 1980. In our per curiam affirmance of the trial court, we necessarily considered the following question: Whether a special equity can be asserted as to property in a divorce proceeding when the property was transferred into the name of husband and wife, as tenants by the entireties, after the adoption of the 1968 Constitution and when the divorce proceedings were instituted after the Supreme Court decision in Ball v. Ball, 335 So.2d 5 (Fla.1976). By our affirmance, we answered the above question in the affirmative. However, in light of the fact that our decision in this case conflicts with the decision of the District Court of Appeal, Fifth District, in Wright v. Wright, 388 So.2d 1319 (Fla. 5th DCA 1980), our ruling on the motion for rehearing requires some discussion.
The Wright decision relies on this Court’s decision in Parramore v. Parramore, 368 So.2d 1308 (Fla. 1st DCA 1978). In that case, this Court was faced with the following set of facts: Land was conveyed to the husband by husband’s father prior to husband’s marriage and, after the marriage, *640 husband deeded the land to himself and his wife as tenants by the entireties in 1959. In 1959, state law was to the effect that by transferring the property to himself and his wife, the husband was presumed to have intended a gift of an entirety interest to his wife. Resolution of the Parramore case involved an interpretation of Ball. In Ball, the court recognized the revision of the 1968 Florida Constitution, which stated that: “There shall be no distinction between married women and married men in the holding, control, disposition, or encumbering of their property, both real and personal.” Art. X, § 5, Fla.Const. The court ruled that after the 1968 constitutional revision, the gift presumption is no longer necessary and
that a special equity is created by an unrebutted showing, as was developed here, that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship. In these cases, the property should be awarded to that spouse as if the tenancy were created solely for sur-vivorship purposes during coveture, in the absence of contradictory evidence that a gift was intended.
As to retroactivity of the Ball decision, the court went on to state:
To avoid the litigation which would result from the retroactive application of this decision, we hold that it shall apply only to dissolution proceedings instituted after the date this opinion becomes final.
In Parramore, the court declined to apply the Ball ruling even though the dissolution proceedings in Parramore were instituted after the Ball decision became final. The court reasoned that the Supreme Court clearly did not intend for the Ball decision to have retroactive application and to apply Ball to the facts of that case, where the property transfer took place in 1959 while the gift presumption was in effect, would be a retroactive application of the Ball ruling.
The Wright case involved a transfer of property from husband to husband and wife after 1969. Divorce proceedings were instituted in that case after the date of the Ball decision and after the 1968 constitutional revision. The Wright court chose to apply Parramore, saying that the Parramore decision had interpreted the Ball ruling as not allowing any application of the Ball principle to any transfer of property occurring prior to the date of the Ball decision. We respectfully disagree with the ruling in Wright and its interpretation of the Parra-more decision. It is our opinion that the Ball decision should be interpreted to apply to any case in which the divorce proceedings were instituted after the 1976 Ball decision and in which the transfer of property took place after the 1968 constitutional revision. That view does not conflict with Parramore.
The motion for rehearing is denied, and we certify this case to the Supreme Court of Florida as being in direct conflict with the Wright decision, which case is presently pending before the Florida Supreme Court.
McCORD and MILLS, JJ., and AGNER, ROYCE, Associate Judge, concur.