646 P.2d 299

**Nora J. SLOANE, Petitioner/Appellee,**

v.

**Donald Sol SLOANE,
Respondent/Appellant.**

**No. 2 CA–CIV 4184.**

Court of Appeals of Arizona,
Division 2.

March 31, 1982.

Rehearing Denied May 12, 1982.

Review Denied June 8, 1982.

Schorr, Leonard & Felker, P. C. by Franklin O. Eldridge, Monroe, Wilson & Collins by Mark L. Collins, Tucson, for petitioner/appellee.

Donald Estes, Tucson, for respondent/appellant.

## OPINION

HOWARD, Chief Judge.

The parties were married on March 7, 1976. Appellant's separate funds were used to purchase a house which was taken by the parties in joint tenancy with the right of survivorship. Appellant testified that he was advised by a real estate agent to place the house in joint tenancy and to contact his lawyer. His lawyer advised him that if he intended a gift to his wife he would have to file a gift tax return and pay the gift tax, but if a gift was not intended he could place the title in joint tenancy as a testamentary device until an estate plan could be prepared by the lawyer. According to the appellant, the parties went to see the lawyer and they discussed putting the house in a revocable trust with the wife as the beneficiary of the trust. However, the wife denied that they discussed placing the house in the trust although they did talk about creating a trust. The lawyer intended to make it clear in the trust document that the house was the separate property of appellant, but the record does not disclose that this intention was ever communicated to the wife.

Nothing was ever done as far as the estate plan was concerned and on December 26, 1978 appellee filed for divorce. The trial court treated the property as joint tenancy property and awarded each party one-half. Appellant contends this was error. We do not agree.

Where real property is paid for by the husband and taken jointly in both names, the law presumes a gift from the husband resting upon the presumption that the husband is discharging his duty to provide for his wife. *Becchelli v. Becchelli*, 109 Ariz. 229, 508 P.2d 59 (1973); *Ivancovich v. Ivancovich*, 24 Ariz.App. 592, 540 P.2d 718 (1975). The burden of proof is upon the husband to establish, by clear and convincing evidence, a resulting trust rather than a gift. *Ivancovich v. Ivancovich*, supra. There was no testimony here that there was ever any agreement or understanding between the parties that the property was not in reality a joint tenancy and that there was no intent to make a gift. Can the hidden intention of one of the parties negate the presumption? We think not. *Machado v. Machado*, 58 Cal.2d 501, 25 Cal. Rptr. 87, 375 P.2d 55 (1962) states:

"... The presumption created by the deed cannot be overcome by testimony of the hidden intentions of one of the parties, but only by evidence tending to prove a common understanding or an agreement that the character of the property was to be other than joint tenancy. Since there was no evidence of a common understanding or an agreement the presumption was not overcome. [citations omitted]" 25 Cal.Rptr. at 90, 375 P.2d at 58.

A similar decision was arrived at by the Florida court in *Hart v. Hart*, 377 So.2d 51 (Fla.App.1979) where the court states:

"Here, this presumption was not rebutted by the husband's simple assertion that he put the lot in joint names upon the estate planning advice of his accountant, particularly where there was never any discussion between him and his wife with respect to title to the property. [citation omitted] ... " 377 So.2d at 53.

And in *Blaine v. Blaine*, 63 Ariz. 100, 159 P.2d 786 (1945), the court, in discussing the defendant's evidence that it was not his intention to acquire this real estate as community property or to make a gift of one-half interest to his wife, stated:

"... This was the only evidence showing or tending to show that the Polk Street property was not in fact bought with the intention of giving the plaintiff a one-half interest therein.

We are not unmindful of the rule that where there is reasonable evidence to support the finding of the trial court, such finding will be upheld. We think that the statement made by the defendant five years after the purchase that he did not intend to vest any interest in this property in his wife, is not reasonable evidence within the rule.... If deeds not involving trusteeships, executed and delivered in the joint names of parties and treated as their joint property for years, may be overturned simply on the testimony of one of the grantees, long subsequent to the execution of the instrument, that he did not intend the conveyance to operate as a grant to his co-

grantee, no title would be safe. We cannot assent to such a rule...." 159 P.2d at 791.

While here only two years elapsed, we believe that the rule enunciated in *Blaine v. Blaine*, supra, applies as does the rule in *Machado v. Machado*, supra. There was no evidence here tending to prove a common understanding or agreement between the parties.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.