422 So.2d 306 (1982)
George C. WRIGHT, Petitioner,
v.
Ruby M. WRIGHT, Respondent.
No. 59907.
Supreme Court of Florida.
November 10, 1982.
*307 Richard W. Hennings of Cauthen, Robuck & Hennings, Tavares, for petitioner.
W.B. Hunter, Tavares, for respondent.
PER CURIAM.
This cause is before the Court on petition for review of the decision below, Wright v. Wright, 388 So.2d 1319 (Fla. 5th DCA 1980), which conflicts with Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner George C. Wright owned a house in Florida, a house in Indiana, two certificates of deposit each in the amount of $10,000, and fifteen shares of bank stock. He acquired all of this property during a long working life and first marriage before he married respondent Ruby M. Wright. After they married, the husband conveyed the house in Indiana to the wife. He conveyed the Florida property, the two certificates of deposit, and the bank stock to himself and his wife as tenants by the entireties. The parties resided in the Indiana home during the summer and in the Florida home during the winter. The marriage lasted ten years.
In the dissolution proceeding, the husband asked the court to award the above-named properties to him on the ground that, since they were acquired with his separate assets before the marriage, he had a "special equity" in the property interests to which legal title was held by the wife. As the district court noted, there was no question that the properties were acquired before the marriage and that the wife made no contribution whatsoever to their acquisition. The husband testified the conveyances of the Indiana property to the wife and of the other properties to himself and his wife as tenants by the entireties were made so that his wife would have right of survivorship if he died. The wife testified that survivorship was never mentioned and that the conveyances to her were made so that they would own the properties "as husband and wife."
The trial court gave effect to the record legal title to the property. He awarded the wife the Indiana property already held in her name and ordered the jointly-held properties divided between husband and wife. On appeal the husband argued that the court erred in refusing to award him a special equity in the property interests held by the wife. He based his contention on Ball v. Ball, 335 So.2d 5 (Fla. 1976).
The district court held that Ball was inapplicable because the conveyances in question were made before the Ball decision was rendered. This holding directly and expressly conflicts with Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978), where the Ball decision was applied in a case where the disputed property was conveyed before Ball was decided.
The district court erred in holding Ball to be inapplicable. In Ball, the Court said that in order to avoid litigation the decision would "apply only to dissolution proceedings instituted after the date this opinion becomes final." 335 So.2d at 8. The language indicates that the date a dissolution proceeding is instituted by the filing of a petition is dispositive. The date of the conveyance is irrelevant. The decisions on this point in Hart v. Hart, 377 So.2d 51 (Fla.2d DCA 1979), and Parramore v. Parramore, 368 So.2d 1308 (Fla. 1st DCA 1978), cert. denied, 376 So.2d 74 (Fla. 1979), upon which the district court relied, were erroneous. The principles of Ball v. Ball, then, are fully applicable to this case since the dissolution proceeding was begun after the Ball decision became final.
The decision of the district court of appeal is therefore quashed. Having decided the legal point upon which there was conflict, we remand the case to the district court to consider the appeal in light of our holding.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON and McDONALD, JJ., concur.
ADKINS, J., dissents.