662 P.2d 145

**Hazel M. BATTISTE, Petitioner/Appellant/Cross Appellee,**

v.

**Bailey Edward BATTISTE, Respondent/Appellee/Cross Appellant.**

**No. 2 CA–CIV 4325.**

Court of Appeals of Arizona, Division 2.

Jan. 6, 1983.

Rehearing Denied March 3, 1983.

Zipf & Henderson by Charles G. Ollinger, Tucson, for petitioner/appellant/cross appellee.

King & Frisch, P.C. by Charles W. King, Tucson, for respondent/appellee/cross appellant.

## OPINION

HATHAWAY, Judge.

The parties were married on July 12, 1962, in Phoenix, Arizona. This appeal rests on the dissolution of the marriage and the disposition by the court of real property, savings accounts and certificates of deposit held in joint tenancy. The parties through appeal and cross appeal contend the trial court improperly disposed of the jointly held property.

First, appellant contends that the trial court erred in finding that she intended to give her husband a gift when she acquired the real property in joint tenancy on November 5, 1962. $11,700 was paid for the property from her separate funds. Where separate funds of one spouse have been used to purchase real property and title has been taken in joint tenancy, a presumption arises that a gift to the noncontributing spouse was intended. *Sloane v. Sloane,* 132 Ariz. 414, 646 P.2d 299 (App. 1982). *Batesole v. Batesole,* 24 Ariz.App. 83, 535 P.2d 1314 (1975). The burden of proof is upon the contributing spouse to establish by clear and convincing evidence that a gift was not intended. *Blaine v. Blaine,* 63 Ariz. 100, 159 P.2d 786 (1945). The taxes, maintenance, repairs and improvements on the property were all paid from community funds. During their marriage, improvements valued at between $8,000 and $10,000 were added to the property. A substantial amount of this was from labor contributed by appellee, and the rest was from community funds.

The parties disagree as to their reason for taking title to the property in joint tenancy. Appellant testified that she intended the property to remain as her separate property and appellee testified that he understood otherwise. We find that the evidence supports the trial court's conclusion that a gift was made.

Appellant argues that the presumption of a gift operated only in favor of the wife at the time this deed was given (1962) because of the language in *Becchelli v. Becchelli,* 109 Ariz. 229, 508 P.2d 59 (1973), that the presumption of a gift is premised upon the husband's duty to provide for his wife. She contends that since at that time the wife was under no duty to support or shelter her husband, no such presumption arises. Our belief that the presumption is not limited to such a narrow footing would appear to find support in *Becchelli* itself, which approves and supplements the Court of Appeals' opinion. The approved opinion specifies:

"There is no law in Arizona restricting a spouse in dealing with his separate property in any lawful way that he or she desires during coverture. (Citation omitted) *Consequently, a husband can make a gift of his separate property to his wife and vice versa.* The intention of the parties is controlling." (Emphasis added) 17 Ariz.App. 280 at 282, 497 P.2d 396 at 398 (1972).

The authorities cited in *Becchelli* also appear supportive of the proposition that the presumption is applied generally in the marriage relationship and not only in favor of the wife. One of the cited authorities, *Walker v. Walker,* 369 Ill. 627, 17 N.E.2d 567 (1938), cert. den. 306 U.S. 657, 59 S.Ct. 774, 83 L.Ed. 1054 (1939), applied the presumption in favor of the husband.

Thus, it would appear that from the face of the joint tenancy conveyance, a gift is intended to the noncontributing grantee. If such is not the grantor's intent, it must be established by clear and convincing evidence. Blaine, supra. The marriage relationship in itself justifies this rebuttable presumption without the singling out of a specific matrimonial duty that may or may not run from one spouse to the other. Indeed, to favor one spouse over another on the basis of gender smacks of a constitutionally suspect approach.

Appellant next questions whether the savings accounts and certificates of deposit are her sole and separate property and (1) whether the increase in value of those accounts is transmuted into community property because some of the increase was used for the benefit of the community; (2)

whether the community has a lien on the increase in value (interest) derived from those joint accounts; (3) whether, if the community does have a lien on the increase in value of the sole and separate property, the evidence supports the equivalency of that lien to the value of the retirement benefits.

The trial court found:

". . . that the savings accounts and certificates of deposit which originated from Petitioner's separate property brought to the marriage in 1962 are her separate property, that she had no intent to make a gift to the community and there was no agreement to that effect;

that since the interest earned on these sums was used and available for community purposes and was regarded by both parties as donated to the community, the community has a lien of uncertain amount on the earnings of Petitioner's separate property; and

that the amount of community lien on the savings accounts and certificates of deposit (except those certificates of deposit clearly the separate property of Respondent) is approximately equal in value to the value of the retirement benefit."

In spite of the finding enunciated by the court, we do not discern that the court in the dispositional portion of the decree accounted for the lien alluded to. The court decreed that:

"the petitioner is awarded all sums in all savings accounts and all certificates of deposits, which originated from the approximately $42,000.00 which petitioner brought to the marriage, as her sole and separate property;"

We agree with appellant that the paragraph which purports to impose a lien on the savings accounts and certificates of deposit is inconsistent and incorrect. The funds in joint bank accounts belong to the parties in direct proportion to the sums contributed by each. A.R.S. § 14–6103; *In the Matter of the Estate of Harriet K. Nelson,* 134 Ariz. 439, 657 P.2d 427 (1982). Where a joint tenancy bank account of spouses is opened with separate funds, it retains its separate character unless clear and convincing evidence shows that a gift was intended. *O'Hair v. O'Hair,* 109 Ariz. 236, 508 P.2d 66 (1973); see also *Grant v. Grant,* 119 Ariz. 470, 581 P.2d 704 (App. 1978), where the court discusses the differences in the principles relating to presumptions surrounding joint tenancies in real property as contrasted to joint tenancies in bank accounts.

■ A.R.S. § 25–213 provides:

"All property, real and personal, of each spouse, owned by such spouse before marriage, and that acquired afterward by gift, device or descent, and also the increase, rents, issues and profits thereof, is the separate property of such spouse."

Appellant contends that the issue is whether occasional use of separate funds for community purposes transmutes the remaining balance of the separate funds, i.e., whether the use of interest from appellant's separate accounts for community purposes, transmutes the character of the source. We hold that it does not. Remand is therefore necessary to determine an equitable distribution of the community property.

■ The appellant for her third issue contends that the trial court erred in concluding that each party had sufficient assets to render an award of spousal maintenance inappropriate. The question of spousal maintenance is left to the sound discretion of the trial court and we will not intervene unless there has been a clear abuse of discretion. *Bender v. Bender,* 123 Ariz. 90, 597 P.2d 993 (App.1979). A.R.S. § 25–319(A) provides that the court may grant maintenance only if the spouse seeking maintenance lacks sufficient property to provide for his or her needs. It is apparent that appellant's property holdings are adequate to meet her needs and that the trial court acted well within its discretion in not awarding spousal maintenance.

■ Appellee contends on his cross appeal that the trial court erred in finding that the appellant had no intent to make a gift to the community of the savings accounts and certificates of deposit. It is

undisputed that appellant's separate property was the sole source of funds from which the savings accounts and certificates of deposit were created. It is pointed out in the record that appellee stated:

"... [A]nything that is yours before this marriage is still yours and I don't want any part of it, ... I even say it right now...."

Any evidence of commingling in the savings accounts was *de minimis* and insufficient to transmute the character of the accounts. We find that the court's conclusion is supported by the evidence.

The decree is affirmed in part and remanded for further proceedings consistent with this opinion.

HOWARD, C.J., and BIRDSALL, J., concur.