OWEN, WILLIAM C., Jr., Associate Judge.
Judith Farah contends that the trial court, in entering a final judgment dissolving the parties’ marriage, erred (1) in awarding her former husband a special equity in certain jointly owned property, (2) in failing to award her exclusive use and possession of the jointly owned property, and (3) in failing to provide her with adequate alimony, both as to the type and amount. We find that no error has been demonstrated in any of these respects, and affirm.
The jointly owned property was a condominium purchased in 1975, the title to which was placed in the parties joint names as tenants by the entirety. The court found that all of the consideration for the purchase of the condominium was supplied by the husband from funds derived from a source totally unconnected with the marriage, and that in placing the title in the parties’ joint names, the husband had not intended to make a gift to the wife of a one-half interest in the property. These two factual findings are amply supported by competent substantial evidence. The principal thrust of appellant’s argument is that the trial court erred as a matter of law in applying the principles established in Ball v. Ball, 335 So.2d 5 (Fla.1976), since title to the condominium was acquired prior to the date of the Ball decision. While candidly recognizing that the case of Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978) had decided this issue adversely to the position she advocated, appellant cited as authority Wright v. Wright, 388 So.2d 1319 (Fla. 5th DCA 1980), Hart v. Hart, 377 So.2d 51 (Fla. 2d DCA 1979), and Parramore v. Parramore, 368 So.2d 1308 (Fla. 1st DCA 1978) in support of her position. At the time this case was submitted on oral argument, appellant’s counsel urged that we delay our decision pending disposition by the Supreme Court of Florida of its review of the Fifth District’s decision in Wright v. Wright, 388 So.2d 1319. The Supreme Court has now spoken on that matter, Wright v. Wright, 422 So.2d 306 (Fla.1982), and has expressly held that the principles announced in the Ball case are applicable to all suits filed subsequent to the date of the Ball decision, and that the date upon which the parties acquired title to the property is irrelevant.
On the other issues raised by appellant, we find no abuse of the trial court’s discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Affirmed.