CAMPBELL, Judge.
Harvey Siegel appeals the final judgment of dissolution which awarded the marital home, a one-half interest in certain jointly held mutual funds, and costs and attorney’s fees to Mrs. Siegel. We affirm in part, reverse in part, and remand with instructions.
The parties married in 1968 and Mrs. Siegel petitioned for dissolution in 1981. Shortly after the marriage, Mr. Siegel, using his own money, purchased some mutual funds, and at his broker’s suggestion, titled the funds jointly with his wife. At dissolution, the trial judge found that this arrangement created a presumption of gift to Mrs. Siegel that Mr. Siegel did not overcome, thus, as counsel for appellee concedes, applying a standard abrogated in Ball v. Ball, 335 So.2d 5 (Fla.1976).
Although this was reversible error, the trial judge did not have the benefit of our supreme court’s decision in Wright v. Wright, 422 So.2d 306 (Fla.1982). There, the court held that Ball applies to those dissolution actions instituted after the Ball opinion became final, and that the date of the conveyance of property to the other spouse is irrelevant. The court, therefore, disapproved our decision in Hart v. Hart, 377 So.2d 51 (Fla. 2d DCA 1979). While not enamored of the result in Wright, we are nevertheless bound by it. Therefore, we remand this case to the trial judge so that he may make an express finding, without regard for the pre-Ball presumption, as to whether or not a gift was intended. If he then finds an intention to make a gift, his division of the mutual funds may stand. Marsh v. Marsh, 419 So.2d 629 (Fla.1982). If he finds otherwise, he may, of course, if the facts and circumstances of the case dictate, make an appropriate award of lump sum alimony. If he finds neither a gift nor circumstances justifying lump sum alimony, he must award all of the mutual funds to Mr. Siegel. Our remand of this case with instructions to the trial court would, of course, not preclude either party from appealing the decision of the trial court if they should feel aggrieved. In all other respects, the final judgment is affirmed. Appellee’s motion for attorney’s fees is denied.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
GRIMES, A.C.J., and SCHOONOVER, J., concur.