427 So.2d 309 (1983)
George C. WRIGHT, Appellant,
v.
Ruby M. WRIGHT, Appellee.
No. 79-217.
District Court of Appeal of Florida, Fifth District.
February 23, 1983.
*310 Richard W. Hennings, Tavares, for appellant.
W.B. Hunter, Tavares, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
When this case was first before this court, we concluded that Ball v. Ball, 335 So.2d 5 (Fla. 1976), did not apply because of the date of the transfers of title to the property in issue. Wright v. Wright, 388 So.2d 1319.
While we recognized that Parramore v. Parramore, 368 So.2d 1308 (Fla. 1st DCA 1978) and Hart v. Hart, 377 So.2d 51 (Fla. 2d DCA 1979), conflicted with Laws v. Laws, 364 So.2d 798 (Fla. 4th DCA 1978), we preferred to align ourselves with the First and Second Districts to avoid what we perceived to be the harsh consequences of the Ball decision. The Florida Supreme Court 422 So.2d 306, resolved the conflict and remanded this cause to us for further proceedings holding that Ball is applicable to all dissolution proceedings filed after the date Ball became final and that the date of the conveyance is irrelevant.
We have reexamined the record and have determined that while trial counsel for the parties argued whether Ball applied under the factual circumstances of this case, the court did not arrive at its decision on that basis. The court simply found in the judgment that Mr. Wright had intended to make a gift.
While not directly addressing our complaints with Ball, Marsh v. Marsh, 419 So.2d 629 (Fla. 1982), has served to clarify the holding in Ball.
In Marsh, the wife alleged that she had transferred the property from her name to the husband and wife as tenants by the entirety to provide a home for her children from a previous marriage should anything happen to her. The wife also claimed that in the event of a divorce, the property was to be transferred back to her. In contrast, the husband claimed the transfer was a gift. The trial court found that a gift was indeed intended. On appeal, this court held that there was no credible evidence supporting the trial court's ruling and reversed. The supreme court quashed our opinion, holding that an appellate court must not substitute its judgment for that of the trial judge whose responsibility it is to evaluate credibility of the witnesses and the weight given their testimony.
In the case before us, Mr. Wright testified that he transferred certain property in Florida to himself and his wife as tenants by the entirety for probate purposes only. One deed recited, "It is the intention of this deed to create as between G.C. Wright, the husband and Ruby M. Wright, the wife, an estate by the entirety with right of survivorship." Mrs. Wright testified that the *311 first time this was mentioned was when they began having marital difficulties. As to property in Indiana that had been titled in her name only, Mrs. Wright testified that her husband wanted her to move there but she did not want to give up her home. He then told her that he had placed the property in her name alone. While the evidence is essentially Mr. Wright testifying he did not intend a gift and Mrs. Wright stating he did, the court in Marsh emphasized that this is a factual matter for resolution by the trial court, stating "Findings of fact by a trial court are presumed to be correct and are entitled to the same weight as a jury verdict." 419 So.2d at 630.
Our examination of the record convinces us that the trial court properly evaluated the evidence in reaching its decision.
AFFIRMED.
ORFINGER, C.J., and COWART, J., concur.