ORFINGER, Chief Judge.
The former husband appeals from the final judgment of dissolution of marriage, contending that the trial court erred in failing to recognize his special equity in a jointly held stock brokerage account, and in awarding permanent alimony to the wife.
The trial court, relying on this court’s opinion in Wright v. Wright, 388 So.2d 1319 (Fla. 5th DCA 1980) (Wright I), held when the husband established the jointly-owned stock account, a presumption arose that any funds therein previously owned by him and placed in the account constituted a gift to the wife, and that the husband had failed to overcome the presumption of gift by clear and convincing evidence. The decision relied on by the trial court was later quashed by the Supreme Court in Wright v. Wright, 422 So.2d 306 (Fla.1982) (Wright II), in which the court reiterated the applicability of the principles expressed in Ball v. Ball, 335 So.2d 5 (Fla.1976), that one way a special equity may be created is by an unrebut-ted showing that all of the consideration for the jointly held property was supplied by one spouse from a source clearly unconnected with the marriage relationship, but that a special equity could be defeated by contradictory evidence that a gift was intended at the time of the transfer. See also, Marsh v. Marsh, 419 So.2d 629 (Fla.1982). We must, therefore, reverse the trial court’s determination that no special equity was demonstrated, and remand the cause for reconsideration of this issue in the light of the principles expressed in Wright II.
Because we reverse the final judgment on the special equity issue, we make no determination on the correctness of appellant’s argument that the award to the wife of permanent periodic alimony was error. Because the trial court will be required to reexamine the issue of ownership of the securities account, and because property distribution and alimony awards are often interwoven, we suggest that the trial court revisit the question of alimony in the light *64 of our recent opinion in Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), which was not available to the trial court when the final judgment appealed from was rendered.
REVERSED and REMANDED with directions.
COBB and COWART, JJ., concur.