COBB, Chief Judge.
This case is before us for the second time. See Bayliss v. Bayliss, 434 So.2d 63 (Fla. 5th DCA 1983). Our prior opinion reversed the trial court’s determination that there was a presumption of gift in respect to funds previously owned by the husband which were placed in a jointly owned stock account. See Wright v. Wright, 422 So.2d 306 (Fla.1982); Ball v. Ball, 335 So.2d 5 (Fla.1976). Because we reversed and required the trial court to re-examine the special equity issue in regard to the stock account, we also required re-examination of the alimony award because of the frequent interdependence of property distribution and alimony awards.
Upon remand a second trial was held on the issues of special equity and permanent alimony. A second final judgment was entered which, inter alia, awarded the husband a special equity of $66,000 in the E.F. Hutton stock account at issue; granted the wife $800 per month permanent alimony; distributed the balance of the E.F. Hutton account, valued at $125,227 at the time of the second trial, equally to the parties; and directed the parties to bear their own costs and attorney fees. A timely appeal and cross-appeal present the following issues, which we consider seriatim:
I. WHETHER THE TRIAL COURT ERRED IN GRANTING THE SPECIAL EQUITY TO THE HUSBAND IN THE E.F. HUTTON ACCOUNT.
II.WHETHER THE TRIAL COURT ERRED IN FAILING TO PROPORTIONALLY DISTRIBUTE THE EARNINGS OF THE INVESTMENT ACCOUNT SINCE THE DATE OF THE FIRST TRIAL.
III. WHETHER THE TRIAL COURT ERRED IN AWARDING THE WIFE PERMANENT ALIMONY, AND WHETHER THE TRIAL COURT ERRED IN THE AMOUNT SO AWARDED.
IV. WHETHER THE TRIAL COURT ERRED IN NOT MAKING A SPECIFIC PROVISION FOR MEDICAL COVERAGE FOR THE WIFE.
V.WHETHER THE TRIAL COURT ERRED IN NOT AWARDING ATTORNEY’S FEES AND COURT COSTS TO THE WIFE.
VI.WHETHER THE TRIAL COURT ERRED IN NOT AWARDING INTEREST TO THE WIFE ON THE UNPAID PORTION OF THE FIRST FINAL JUDGMENT.
ISSUE NO. I
In regard to the first issue, we note that the undisputed trial evidence is that the E.F. Hutton account originated in 1972, four years after the parties were married, with money and stocks in the approximate amount of $59,000 transferred from another investment account. Forty thousand dollars of that amount represented the value of cash and assets held by the husband *486 prior to the marriage. The $66,000 figure adopted by the trial court was the value of these premarital assets when invested with the other investment firm, but the husband admitted below that this figure had declined to $40,000 at the time of transfer to E.F. Hutton.
The trial testimony was that at least $185,000 of marital earnings of the parties, in addition to the original $59,000, went into the investment account at E.F. Hutton. The testimony is clear that these funds were thereafter comingled so that there is no way to determine which funds produced specific losses or gains. The trial court and the parties' herein have treated the E.F. Hutton account as a single investment, and so shall we.
Utilizing the percentage ratio formula approved by the Florida Supreme Court in Landay v. Landay, 429 So.2d 1197 (Fla.1983), the trial court should have awarded to the husband, Charles Bayliss, his one-half share the E.F. Hutton account, plus a special equity of one-half of 40/244 (or .082) of the remainder. This computation, of course, is subject to the orders of the trial court to establish parity between the parties because of partial distributions or equities in other properties, which orders are not challenged on this appeal. There was a judgment award of $18,000 ($3,700 to husband, $14,300 to wife) for these purposes.
ISSUE NO. II
We find no merit in this contention. The date of the first trial is irrelevant and application of the Landay formula, as set forth above, will properly compensate each party at the time of final judgment based upon the eventual value of the E.F. Hutton account at that time.
ISSUE NOS. Ill, IV, V & VI
We affirm the award of permanent alimony based on Walter v. Walter, 464 So.2d 538 (Fla.1985), and we find no error by the trial court in regard to the remaining issues.[1]
Accordingly, we reverse and remand for entry, of judgment consistent with this opinion.
REVERSED and REMANDED.
ORFINGER J., concurs.
COWART, J., dissents without opinion.

. Under our present holding the wife will be entitled to some $28,600 more from the E.F. Hutton account than she would have received under the trial court’s judgment. In consideration of the wife’s age and the financial status of the parties, we do not consider this difference sufficient for reconsideration of the amount of monthly alimony awarded by the trial court.