COBB, Chief Judge.
Sua sponte we vacate that portion of the original opinion in this case (Bayliss v. Bayliss, 472 So.2d 484 (Fla. 5th DCA 1985)) which reads as follows:
Utilizing the percentage ratio formula approved by the Florida Supreme Court in Landay v. Landay, 429 So.2d 1197 (Fla.1983), the trial court should have awarded to the husband, Charles Bayliss, his one-half share of the E.F. Hutton account, plus a special equity of one-half of 40/244 (or .082) of the remainder. This computation, of course, is subject to the orders of the trial court to establish parity between the parties because of partial distributions or equities in other properties, which orders are not challenged on this appeal. There was a judgment award of $18,000 ($3,700 to husband, $14,300 to wife) for these purposes.
Id. at 486. We hereby substitute the following in its place:
Utilizing the percentage ratio formula approved by the Florida Supreme Court in Landay v. Landay, 429 So.2d 1197 (Fla.1983), the trial court should have awarded to the husband, Charles Bayliss; his one-half share of the E.F. Hutton account, plus a special equity of one-half of 40/244 of the entire consideration. This computation, of course, is subject to the orders of the trial court to establish parity between the parties because of partial distributions or equities in other properties, which orders are not challenged on this appeal. There was a judgment award of $18,000 ($3,700 to husband, $14,300 to wife) for these purposes.
We have jurisdiction to do this during this term of court, which does not end until the second Tuesday in January, 1986. See § 35.10, Fla.Stat. (1983); Higdon v. State, 465 So.2d 1309 (Fla. 5th DCA 1985); State Farm Mutual Automobile Ins. Co. v. Judges of the District Court of Appeal, Fifth District, 405 So.2d 980 (Fla.1981).
ORFINGER and COWART, JJ„ concur.