715 P.2d 1246

Allan K. CAMERON,
Petitioner/Appellee,

v.

Leslie Ann CAMERON,
Respondent/Appellant.

No. 2 CA–CIV 5357.

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 18, 1985.

Rehearing Denied Jan. 28, 1986.

Review Denied March 11, 1986.

Karp, Stolkin & Weiss, P.C. by Stephen M. Weiss and Elaine C. Hardin, Tucson, for petitioner/appellee.

Mary Anne Peters, Tucson, for respondent/appellant.

LIVERMORE, Judge.

This is an appeal from a decree of dissolution terminating a three-year marriage, in which the appellant wife contends that the trial court erred in computing community assets and liabilities and in refusing to award spousal maintenance. We affirm.

■ The wife first contends that an automobile purchased for her use with community funds should have been treated as her separate property because it was gift to her from her husband. While a married individual can give his or her community interest in property to a spouse so as to make it the separate property of the spouse, *Schwartz v. Schwartz,* 52 Ariz. 105, 79 P.2d 501 (1938), that can be accomplished only by a clear showing that the giver intended to relinquish his community interest in the gift. *Armer v. Armer,* 105 Ariz. 284, 463 P.2d 818 (1970). Such a burden is carried neither by the fact that the car was intended for the sole use of the wife nor by the argument that it was a birthday gift. Such "gifts" between spouses of assets intended for community use are no more than a designation of whom the primary user will be and not a deliberate attempt to convert community property into separate property. There is ample evidence to support the trial court's finding that the car was community property. The husband's willingness to let the wife have the car as part of the dissolution is not evidence that it was her separate property.

■ At the time of the marriage, the husband owned a Porsche on which he owed $46,781. During the marriage, the community expended $30,748 in principal and interest. At dissolution, he still owed $22,512. In order to determine what the community lien should be, the husband deducted from the principal paid by the community ($24,359) the amount of the depreciation of the car ($7,725), and this value ($16,634) was accepted by the trial court. The wife now contends that the lien should be for $30,748, the total amount expended in principal and interest. During the life of the marriage the car fulfilled a community need. The cost to fulfill that need was a combination of depreciation in the principal value of the asset and the interest paid to finance its purchase. Those costs are appropriately borne by the community and eliminated from any lien on the value of the car. See generally *Hanrahan v. Sims,* 20 Ariz.App. 313, 512 P.2d 617 (1973). This conclusion is not changed by the fact that the car was used exclusively by the husband; his needs during the marriage were a portion of the needs of the community. *Flynn v. Allender,* 75 Ariz. 322, 256 P.2d 560 (1953), does not dictate a contrary result. That case held only that a lien would result in these circumstances, not how the value of that lien should be determined.

The wife next contends that the evidence of the husband's indebtedness to his mother for loans for community needs and of the amount of unpaid tax liability for community income was insufficient to justify the court's findings as to the existence of these community liabilities. This point was not raised below. In any event, it is meritless. The testimony of the husband, a certified public accountant, was sufficient; there was nothing to contradict it.

The wife next argues that she should have been awarded spousal maintenance. On the record presented to us, it appears that the wife was capable of supporting herself. No abuse of discretion by the trial court has been shown. *Sommerfield v. Sommerfield*, 121 Ariz. 575, 592 P.2d 771 (1979); *Battiste v. Battiste*, 135 Ariz. 470, 662 P.2d 145 (App.1983).

The wife argues finally that the trial court erred in failing to grant her motion for a new trial premised on the assertion that the court had failed to consider as a community asset the dollar value of the husband's partnership interest in an accounting firm. No evidence was adduced to show that there was such an interest. Nothing was offered to suggest why that issue had not been litigated in the original proceeding. Denial of a new trial in such circumstances is not error.

Affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.